UNITED STATES v. UNITED SHOE
MACHINERY CORPORATION.
Civ. A. No. 7198.

United States District Court
D. Massachusetts.

April 13, 1950.

See also 89 F.Supp. 357.

James M. Malloy, Holmes Baldridge, Richard B. O'Donnell, Sp. Assts. to Atty. Gen., C. Worth Rowley, Edward M. Feeney and Roy Freed, all of Boston, Mass., Morton Myerson, Brookline, Mass., Laurence S. Flaherty, Somerville, Mass., Sp. Attys. (Herbert A. Bergson, Asst. Atty. Gen., Gerald J. McCarthy, Sp. Asst. to Atty. Gen., Alfred Karsted, Boston, Mass., Margaret H. Brass, Washington, D. C., Bernard I. Kaplan, Boston, Mass., Robert L. Grant, Boston, Mass., Clarence S. Walker, Cambridge, Mass., James Browning, Washington, D. C., Sp. Attys., on the brief), for plaintiff.

John L. Hall, Claude R. Branch, Charles P. Curtis, Robert Proctor and John B. Reigeluth (of Choate, Hall & Stewart), Walter Powers and Bertram H. Loewenberg (of Sherburne, Powers & Needham), Boston, Mass., and Theodore Kiendl (of Davis, Polk, Wardwell, Sunderland & Kiendl), New York City, for defendant.

WYZANSKI, District Judge.

In excluding at this stage in the case the thousands of patents, the so-called red books and the other exhibits which have not been specifically cited in Part I of the Government's factual brief, the Court has been moved in part by this consideration. It is the function of counsel to aid the Court by selecting from the mass of evidence made available through the almost unlimited pre-trial discovery sanctioned in this case such portions as the Court can study within a reasonable time. Counsel cannot dump into the lap of the Court an undigested mass of documents comprising hundreds of thousands of pages and then expect the Court to read all of them, even if they were all to some degree both relevant and persuasive. The Court has obligations to other parties who have cases to be heard.

But nothing in the Court's orders has precluded either party from selecting exhibits to illustrate a particular phase of the complaint or answer and then laying a proper foundation for their admission and use.

For example, it is possible that the patent aspect of defendant's business could be shown by such means as this. A witness or witnesses familiar with the shoe machinery industry, whether or not employed by defendant, might be asked what personal knowledge he or they have as to (a) what are the half dozen commercially most important patents in the field of clicking machines and the half dozen commercially most important patents in the field of lasting machines; (b) what in the last five years has been the gross annual revenue to defendant from these selected patents; (c) how many of these selected patents were the result of inventions made by persons who at the time of the invention were in the employ of defendant; (d) how were the other selected patents acquired by defendant; (e) with what patents owned by defendant or others are the selected patents in current competition; (f) whether there are other patents held by defendant but not currently exploited which represent an advance in the art over these selected patents or which might otherwise compete with the selected patents; (g) what reasons there appear to be for defendant's failure to exploit these patents; (h) what is the history, as shown by the red books or otherwise, of the patents in classes (a) and (f); (i) the extent to which defendant has founded infringement claims upon the patents in classes (a) and (f); (j) whether the selected patents have been by tying or other devices used in ways not authorized by the statutory grant of a permitted monopoly; and (k) what have been the sale or lease or license terms upon which defendant has permitted others to use the inventions covered by the patents in classes (a) and (f).

Without attempting further illustration, and without precluding other possible sample analyses, such as an analysis of the inventive history, ownership, commercial exploitation and the like of all shoe machinery patents issued say in the first three months of the year 1940, it will be enough for the Court again to emphasize the point that it is counsel's duty and not the Court's to read all the available exhibits and then to

make a usable selection. One judge cannot read in a reasonable time exhibits which it has taken a multitude of counsel, dividing the work among themselves, years to collect, especially when it is transparent that not all of the lawyers taken together have read even a fraction of the thousands of patents and like exhibits.

To guard against abuses such as have heretofore been attempted, counsel before offering any exhibit shall be prepared to state that he has himself read the exhibit in full and is ready to show the admissibility of such parts as he offers.