618

UNITED STATES v. E. I. DU PONT
DE NEMOURS AND CO.
Civ. No. 1216.

United States District Court
D. Delaware.
Nov. 29, 1950.

Morris L. Rush, Philadelphia, Pa., for plaintiff.

Swartz, Campbell & Henry, Philadelphia, Pa., for defendant.

William Marvel, U. S. Atty., of Wilmington, Del., James L. Minicus, Julius C. Renninger, William Amory Underhill, and Marcus A. Hollabaugh, Sp. Assts. to the Atty. Gen., all of Washington, D. C., for plaintiff.

Hugh M. Morris and Alexander L. Nichols (of Morris, Steel, Nichols & Arsht), of Wilmington, Del., and Gerhard A. Gesell and William M. Aiken (of Covington, Burling, Rublee, O'Brian & Shorb), of Washington, D. C., for defendant.

LEAHY, Chief Judge.

The incident of getting an antitrust case to trial has recently been narrated. The problem ["Prolonged proceedings and a massive record are almost inevitable if an antitrust controversy is carried to court; for the rules of law that have been developed, with respect to both the offense and the proof which may be adduced, generally permit the entire history of a major company or industry to be placed in issue."] has been explored and examined as to procedures that have and have not been utilized in the courts, by McAllister [1] in a recent essay which contains excellent notes on the pattern of procedure which is currently emerging.[2]

At a pretrial conference, I suggested that counsel in the case at bar give consideration to procedures to be adopted with a view to limiting the issues and shortening

---

**1.** Breck P. McAllister, "The Big Case: Procedural Problems in Antitrust Litigation", 64 Harv.L.Rev. 27.

**2.** The Judicial Conference of the United States in November 1949 (Report of the Proceedings pp. 26, 27) appointed a committee of federal judges, of which Circuit Judge E. Barrett Prettyman is chairman, to examine "the present procedure governing controversies arising under the antitrust laws and the various statutes establishing regulatory agencies, with a view to advancing their effective, expeditious, and economic disposition."

The Committee is at work on the matter, has filed a Progress Report, and plans to complete its Report before the next regular annual Conference. At the present writing the Committee * is considering (1) means whereby the proceedings of regulatory agencies may be shaped both to satisfy the needs of the parties and to facilitate the reviewing function of the courts; (2) means whereby at *nisi prius* particular evidence may be explicitly related to defined issues and all of the evidence on a particular issue presented together; (3) means whereby (a) the materials in the record are confined to the issues under review by preparation of the record after points for argument have been exchanged between the parties and by any other means devised for delimiting such, and (b) such materials are marshalled in a form most helpful for their consideration; (4) and all other modes by which the general ends herein indicated may be achieved.

Other members of the committee: Judges Stone, Magruder, Hand (A. N.), Lindley, Chesnut, Kloeb, Rifkind (resigned), Yankwich, and Leahy.

the trial. Pursuant to pretrial order, the Antitrust Division has filed with the Clerk copies of documents on which it intends to rely, arranged and marked as exhibits in accordance with its proposed order of proof. These documents consist of 32 volumes containing approximately 2,500 exhibits, totalling approximately 5,500 pages. Admittedly, the Antitrust Division is continuing its investigations and additional documentary proofs may be offered, if not in its case in chief, then presumably on rebuttal. Defendant has now moved for an order striking all the documentary exhibits offered by the government or, in the alternative, directing the government to file "a list of the offered exhibits upon which plaintiff primarily relies, such list not to exceed 300 exhibits, and striking all offered exhibits not contained in the list."

It is difficult to apply a standard procedural technique of selectivity when a mass of documentary evidence is offered in a case of this type. Before any ruling is made, the background of each case must be considered. The action in the instant case is laid entirely under the monopoly section, § 2 of the Sherman Act, 15 U.S.C.A. § 2.

In February 1946, the Department of Justice and its Antitrust Division determined indicia existed of violations of the antitrust laws by defendant, E. I. duPont de Nemours and Company, in the field of cellophane. Thereupon, extensive inquiry was made as to the manufacture and distribution of cellophane, caps and bands. The records of many companies, involved in this industry, were examined. Then in September 1946, defendant submitted documents from its files. They filled 15 large shipping crates. This material was neither classified nor collated. Attorneys for the Antitrust Division examined each document and made a selection of those which they considered contained evidence pointing to violation. An estimate shows that about 100,000 documents were read and considered in the investigatory stage.

This suit was started, and in November 1948, defendant itself sought discovery; thereupon plaintiff made available approximately 5,000 documents it considered to be relevant to the issues. Thereafter the Antitrust Division, on behalf of plaintiff, continued its efforts to narrow the documentary proof to an irreducible minimum; and in February 1950, submitted to me 2,591 documents which it then relied on for its case in chief. This month plaintiff further attempted to reduce its documentary proof by voluntarily withdrawing 592 documents. It appears the totality of documents making up plaintiff's proffer represents less than 2% of all documents read and considered in the course of the investigation. At the argument on defendant's motion to strike all exhibits proffered by the government, it demonstrated that its theory of the case is divided into approximately 300 specific points of proof; and each of the 1,999 remaining documents making up plaintiff's proffer has been categorized under this point system. Plaintiff states in shrinking its documentary proof every effort has been exerted to avoid cumulation, duplication, repetition and trivia. In good faith, says plaintiff, it believes this effort has been successfully carried out; moreover, a reading and consideration of each of its documents will demonstrate they are of such nature with relation to the issues involved that it would be impossible to direct the court's attention to any segment of its evidence and state that it is more deserving of attention than the remainder. Finally, plaintiff argues to grant defendant's alternative motion requiring the government to furnish a list of 300 documents, or any like restricted number, would result in a distorted picture and seriously prevent the presentation of plaintiff's case as it thinks it should be presented.

1. In support of its present motion, defendant asks that plaintiff's exhibits Nos. 1 to 391, 1001 to 1457, 2001 to 2797, 4001 to 4441, and 5001 to 5515, be stricken, without prejudice to plaintiff to reoffer such exhibits on or before December 21, 1950, providing plaintiff shall not reoffer any of these exhibits if they fall in the following categories:

(1) Duplicates, i. e., more than one copy of any exhibit.

(2) Routine letters of transmittal or referral.

(3) Documents reflecting routine corporate or committee action with respect to any agreement where defendant has stipulated the authority of the signing officials, or has been precluded by pretrial order from objecting to the agreement on the ground of lack of proof of authority of the signing officials.

(4) Documents such as price lists and royalty statements which can be summarized in tabular form, unless plaintiff shows that it has made an unsuccessful bona fide effort to stipulate tabulation with defendant.

(5) Drafts of contracts except such drafts as are substantially different from the final contract where plaintiff relies on the substantive difference.

(6) Documents merely showing facts admitted by defendant by way of answer or in response to written interrogatories.

(7) Documents consisting entirely of data contained in other exhibits, or of quotations from other exhibits.

(8) Multiple copies of form contracts as to which a single contract, plus a list of contracting parties and dates of execution will provide the identical information.

(9) Such further and additional cumulative, repetitious or inconsequential documentation as plaintiff feels it can dispense with in the initial presentation of its documentary case without prejudice to its position on the merits.[3]

2. For purposes of technical clarification, defendant's motion to strike is not properly denominated because nothing exists to strike as no documents of any kind have been admitted in evidence. In fact, defendant's attack by its motion is upon the number of evidentiary writings the government may proffer in support of its case. In passing on defendant's motion it would appear, therefore, the sole objective is to limit plaintiff's right to proffer evidence.

■ ■ The cases show a marked liberality in the admission of evidence in antitrust cases for the reason, I think, that this type of litigation is mainly *sui generis* as to each case. In these cases, of course, the liberality of Rule 43(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., is applied.[4] To sustain a charge of illegal monopoly, it often becomes necessary for the entire corporate practice of an indicted company to be subject to inquiry.[5] And to prove the monopolistic plan under scrutiny discloses an acquisition of illegal monopoly power with a concomitant illegal intention to maintain such power, every circumstance which has a reasonable tendency toward such proof, has been held admissible.[6]

■ The plaintiff's case here will obviously be documentary in nature. The charges of the government in this action make the scope of the issues encompass the operation of the entire cellophane industry throughout the world during a quarter of a century. The issues will be numerous. Obviously the documentary proof will, of necessity, be weighty; but not in comparison with other antitrust litigation, especially in view of what already has been accomplished by the jettison of documentary cargo pursuant to pretrial suggestion. After making a spot check and examination of the numerous writings contained in plaintiff's proffer, I have concluded the Antitrust Division has voluntarily and in accord with the statements made at former pretrial conferences, made a bona fide attempt to narrow the plaintiff's "documentary proof to an irreducible minimum" and have, in effect, accomplished, in substance,

3. Moreover, defendant reserves the right to object to the admissibility of any of these writings which may be offered by plaintiff except to the extent that specific grounds for objection have been waived as noted in previous orders of the court.

4. Pfotzer v. Aqua Systems, 2 Cir., 162 F. 2d 779, 785; U. S. v. Vehicular Parking, D.C.Del., 52 F.Supp. 751, 754; U. S. v. General Electric Co., 82 F.Supp. 753, 903.

5. U. S. v. General Electric Co., D.C., 82 F.Supp. 753, 903, 904.

6. Swift and Company v. U. S., 196 U.S. 375, 396, 25 S.Ct. 276, 49 L.Ed. 518; Pfotzer v. Aqua Systems, 2 Cir., 162 F. 2d 779, 785; U. S. v. Schine Chain Theatres, D.C., 63 F.Supp. 229, 234–235, affirmed 334 U.S. 110, 68 S.Ct. 947, 92 L. Ed. 1245.

622

the very objectives sought by defendant's present motion.

Admittedly, the purpose of adopting pretrial procedural techniques in connection with the introduction of mass documentary proofs in antitrust cases is not only laudable but necessary in view of the gargantuan dimensions current antitrust litigation is assuming. In reducing the time element of trial and crystallizing supporting proofs for the trial judge's consideration, careful attention, however, must be given that innovations in this field should not be designed to deprive government counsel—or defense counsel—of the right, within reasonable bounds, to control the preparation and presentation of their respective cases. Under the circumstances which have so far been presented to me, I have concluded a court should be careful not to thwart the privilege of a litigant to make an offer of proof, for the precise matter decided here deals with a proffer of proof. It does not deal nor is it intended to deal with what particular document is admissible or what will, in fact, be considered by the court in arriving at its ultimate decision of the merits of the case. To this extent the action to be taken is not in conflict with the authorities [7] cited by defendant in support of a novel restriction sought to be imposed upon a proffer of proof by a plaintiff.

Accordingly, an order may be submitted denying defendant's present motion and its prayers.

7. U. S. v. United Shoe Machinery Corp., D.C.Mass.1950, 93 F.Supp. 190; U. S. v. Imperial Chemical Industries Ltd., D. C.S.D.N.Y.1950, 8 F.R.D. 551.