IN THE COURT OF CRIMINAL APPEALS


OF TEXAS



NO. 2206-02


 

ALEX ERAZO , Appellant

v.


THE STATE OF TEXAS







ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

 FROM THE FOURTEENTH COURT OF APPEALS


HARRIS COUNTY


 Hervey, J., filed a dissenting opinion in which Keller, PJ., and Keasler, J.,joined.

 



DISSENTING OPINION 

  A jury convicted appellant of murdering his pregnant girlfriend. On direct appeal, appellant claimed that the trial court abused its
discretion to admit at the punishment phase of appellant's noncapital murder trial a 4-by-5 inch, color, autopsy photograph of the
murdered victim's twenty-eight week old unborn child because it was "highly prejudicial." The Court of Appeals distinguished our
decision in Reese v. State (1) and decided that the trial court did not abuse its discretion to admit the photograph. See Erazo v.
State, 93 S.W.3d 533, 535-36 (Tex.App.-Houston [14th Dist.] 2002) (distinguishing Reese on basis that Reese was concerned
with "the posed nature of the photo and the emotions a funeral tends to invoke"). This Court exercised its discretionary authority
to review this decision.

 The record reflects that the trial court conducted the balancing test under Tex. R. Evid. 403 beforeadmitting the photograph.

 [PROSECUTION]: The State would offer State's Exhibit 66, Your Honor, after tendering same to Defense Counsel.



 [DEFENSE COUNSEL]: May we approach?



 [THE COURT]: Yes, sir.



 (At the bench, on the record)



 [DEFENSE COUNSEL]: I'm going to object to the introduction of State's No. 66. He's not being tried for murder or anything
else that 66 depicts. I would object to its introduction based on 403 and 404.



 There is no purpose for it being offered into evidence other than to influence the jury, and the prejudicial extent of it is not
outweighed by any probative value. For that reason I would object.



 [THE PROSECUTION]: It is being offered to show the far ranging extent of this crime and the severity of the damage to the
complainant,[ (2)] and to show that this was obviously a healthy pregnancy.



 [THE COURT]: I'm going to overrule your objection and find that the probative value outweighs any prejudicial effect.

 

 According to a scholarly essay written by a current member of this Court, an appellate court under these circumstances
misapplies the abuse of discretion appellate standard of review to decide that a trial court abuses its discretion to admit the
complained-of evidence. See Herasimchuk, The Relevancy Revolution in Criminal Law: A Practical Tour through the Texas
Rules of Criminal Evidence, 20 St. Mary's L.J. 737, 782-94 (1989), (3) and at 783 n.113 (discussing treatise concluding that rule
403 does not require trial court to choose admission over exclusion, it requires the trial court to follow the balancing procedure if
exclusion is to be based upon the rule) and at 794 (since the policy of rule 403 is based upon the trial court's conscious balance of
competing probative and prejudicial factors, an appellate court will be focusing upon the methodology used by the trial court
rather than its result in reviewing any allegations of "abuse of discretion"). (4) And, recognizing that the rules of evidence are
inclusionary rather than exclusionary with a presumption that relevant evidence is admissible (5) and that trial courts are in the best
position to make the evidentiary call, it cannot be said that the Court's opinion correctly applies any reasonable formulation of the
abuse of discretion appellate standard of review to the trial court's decision to admit the photograph. See Montgomery, 810
S.W.2d at 391 (op. on reh'g) (appellate court reviews trial court's rule 403 decision under abuse of discretion standard meaning
that "an appellate court should not reverse a trial judge whose ruling was within the zone of reasonable disagreement"); United
States v. Jamil, 707 F.2d 638, 642 (2nd Cir. 1983) (given "the superiority of his nether position," a trial judge is given broad
discretion to weigh these competing interests because he is in a superior position to evaluate all of the circumstances connected
with them) (internal quotes omitted); (6) Herasimchuk at 784 n.116 (evidence should "very sparingly" be excluded under rule 403,
and, if there is any doubt about the existence of unfair prejudice, it is generally better practice to admit the evidence); see also
Saltzburg, Capra and Martin, Commentary to Fed. R. Evid. 403 on "trial court discretion" stating:

 Rule 403 provides that evidence "may" be excluded, thus imparting significant discretion to the Trial Judge. The Appellate Court
will not reverse a Rule 403 decision simply because the Appellate Judges would have ruled differently had they been trying the
case. Error will be found only if the Trial Judge's decision cannot be supported by reasonable argument. (Citations Omitted). 
Appellate Courts [should] recognize that the Trial Judge has a unique vantage point from which to detect and assess the negative
factors that might arise from proffered evidence, and from which to balance these factors against the probative value of the
evidence. Appellate Courts [should also be] sympathetic to the fact that the Trial Court must ordinarily conduct its Rule 403
balancing process on the spot, during the trial. The Trial Court does not usually have the luxury of carefully balancing, and even if
it had the time, the balance of factors is rarely crystal-clear. As the Court stated in Cooley v. Carmike Cinemas, Inc., 25 F.3d
1325 (6th Cir. 1994):



 In our view of any trial record, we are mindful that evidentiary questions often require a trial judge to make quick decisions on
doubtful questions. This is why we review evidentiary decisions for abuse of discretion. [Rule 403 challenges] demand swift but
judicious weighing and balancing. Indeed, because such questions are often subject to a judge's discretion, this court often would
affirm a judge's evidentiary decision "either way," whether the response to the lawyer's objection has been "sustained" or overruled."



 Essentially, Appellate Courts will check to see that a balancing process has been conducted; the result of a careful balancing
process will not itself be second-guessed. (Citation Omitted).

 

 Keeping in mind that rule 403 actually states that relevant evidence "may be excluded if its probative value is substantially
outweighed by the danger of unfair prejudice," the Court's decision in this case can only be supported either by reading "may" to
mean "must" or rule 403 to really say that "relevant evidence may be admitted unless its probative value is substantially outweighed
by the danger of unfair prejudice." Rule 403 does not say any of this.

 The Court's opinion also misapplies the substantive law set out in rule 403 when it decides that the photograph is "substantially
more prejudicial than probative." See Erazo v. State, S.W.3d slip op. at 2, 19 (Tex.Cr.App. No. 2206-02, delivered this
date); Herasimchuk at 786 n.120 ("probative outweigh[s] prejudicial" standard was significantly altered by the adoption of rule
403). The substantive standard under rule 403, however, is whether the probative value of the evidence is "substantially
outweighed by the danger of unfair prejudice." (7) See Robbins v. State, 88 S.W.3d 256, 262-63 (Tex.Cr.App. 2002) (each
word of the rule 403 test is significant); Herasimchuk at 786-89 (relevant evidence may be excluded only if "unfair" prejudice
"substantially[ (8)] outweighs" any probative value). Deciding that the photograph should have been excluded because it is
"substantially more prejudicial than probative" is literally a decision that the prosecution should not have offered evidence simply
because it injured the opponent's case which, of course, is the central point of offering evidence. See Rogers v. State, 991
S.W.2d 263, 266 (Tex.Cr.App. 1999); Herasimchuk at 788-89 (it must be remembered that virtually all proffered evidence is
prejudicial to the opposing party and only "unfair" prejudice should ever be the basis for exclusion of relevant evidence). 

 Though it is not clear from reading the Court's opinion, it still appears to be the law that photographs depicting matters described
by admissible verbal testimony are also admissible unless the probative value of the photographs is substantially outweighed by the
danger of unfair prejudice under rule 403. See Ramirez v. State, 815 S.W.2d 636, 647 (Tex.Cr.App. 1991). In Reese, we
reaffirmed "that a Rule 403 analysis by the trial court should include, but is not limited to" the following factors: 1) the probative
value of the evidence, 2) the potential of the evidence to impress the jury in some irrational, but nevertheless indelible way, 3) the
time the proponent needs to develop the evidence, and 4) the proponent's need for the evidence. See Reese, 33 S.W.3d at
240-41. We decided that the photograph in Reese was inadmissible under rule 403 because, although "the third and possibly the
first factors weighed in favor" of admissibility, these factors were "not enough to overcome the prejudicial qualities of the
photograph and the [proponent's] limited need for the photograph in the context of the contested" special issues at the punishment
phase of the defendant's capital murder trial. See Reese, 33 S.W.3d at 243.

 Reese illustrates the point this Court has made in prior cases that the admissibility of evidence at the punishment phase of a capital
murder trial is an intrinsically factbound function of relevancy to the discrete factual issues contained in the special issues. See
Reese, 33 S.W.3d at 241-43 (analyzing admissibility of the photograph in relation to the special issues); Mosley v. State, 983
S.W.2d 249, 268 (Tex.Cr.App. 1998) (Meyers, J., dissenting), cert. denied, 119 S.Ct. 1466 (1999). This Court has, however,
recognized that the admissibility of evidence at the punishment phase of a noncapital felony offense (such as the one here) is a
"function of policy rather than relevancy" because "there are no discrete factual issues at the punishment stage" and deciding "what
punishment to assess is a normative process, not intrinsically factbound." See Sunbury v. State, 88 S.W.3d 229, 233
(Tex.Cr.App. 2002); Rogers, 991 S.W.2d at 265.

 Unconstrained by the "intrinsically factbound function of relevancy" to the special issues, it would have been within the trial court's
discretion in this case to have decided that the photograph was highly probative of, and the prosecution needed the photograph to
depict, the "circumstances of the offense" so that the jury could tailor an appropriate sentence for appellant for this noncapital
felony offense. See Article 37.07, § 3, Tex. Code Crim. Proc., (evidence of the "circumstances of the offense" may be admitted
at the punishment phase of a noncapital felony offense); Sunbury, 88 S.W.3d at 233-34 (deciding what punishment to assess for a
noncapital felony is a "function of policy rather than relevancy" and some policy reasons to consider when determining whether to
admit punishment evidence include giving the jury complete information to tailor an appropriate sentence for a defendant); Rogers,
991 S.W.2d at 265. Unlike Reese, therefore, the first and third factors weigh heavily in favor of admissibility under rule 403.

 The Court's decision in this case really boils down to the second Reese factor and a concern that, even though the jury could
have heard about what appellant did to the victim's unborn child, the jury should not have seen a photograph depicting this
because this encouraged the jury to make its sentencing decision on an emotional basis. See Erazo, slip op. at 17 (deciding that
the second Reese factor weighed in favor of excluding the photograph because it encouraged "the jurors to make a decision on an
emotional basis"). Again, this misstates the legal test. Our case-law actually refers to an "undue tendency" to suggest decision on
an "improper basis" such as an "emotional one." See Rogers, 991 S.W.2d at 266 ("unfair prejudice" refers to "an undue tendency
to suggest decision on an improper basis, commonly, though not necessarily, an emotional one"). In this case, the powerful and
compelling effects of the photograph giving rise to the Court's concern that the photograph improperly appealed to the jury's
emotions emanates "from nothing more than what [appellant] has himself done." See Sonnier v. State, 913 S.W.2d 511, 519
(Tex.Cr.App. 1995).

 Under these circumstances, any tendency of the photograph to suggest decision on an emotional basis was not "undue" or
"unfair." See Rogers, 991 S.W.2d at 263; Herasimchuk at 789 n.127 (courts have almost always held that while it is prejudicial
to defendants for a jury to see the precise nature and results of their conduct, it is not "unfairly" so) and at 790 n.128 (discussing
authorities stating that evidence may not be excluded merely because it is unpleasant, that evidence of repulsive injuries is not
inadmissible because they may excite the jury's emotions and that a court cannot arrange for lively music to keep the jury cheerful
while the State's case in a murder trial is being presented, and gruesome evidence cannot be suppressed merely because it may
strongly tend to agitate the jury's feelings). And even if there was an "undue tendency" to suggest decision on an emotional basis
(i.e., "unfair prejudice"), the probative value of the photograph was not "substantially outweighed" or even "outweighed" by this
"unfair prejudice." See Robbins, 88 S.W.3d at 263; Herasimchuk at 786-89 ("unfair prejudice" must "substantially" outweigh any
probative value) (emphasis in original). Jurors do not have to check their emotions at the courtroom door. Cf. Rogers, 991
S.W.2d at 266 (it is appropriate that jurors make value judgments based on the evidence that they receive); Herasimchuk at
789-90. (9) The second Reese factor also weighs in favor of admissibility under rule 403 which further distinguishes this case from
Reese. (10)

 I would decide that the trial court did not abuse its discretion to admit at the punishment phase of appellant's noncapital murder
trial one autopsy photograph of the murdered victim's twenty-eight week old unborn child. I respectfully dissent.

 

 Hervey, J.



Filed: June 16, 2004

Publish



 



APPENDIX






This Appendix contains the following:





 Herasimchuk, The Relevancy Revolution in Criminal Law: A Practical Tour through the Texas Rules of Criminal Evidence, 20 St.
Mary's L.J. 737, 782-94 (1989). 

 



--------------------------------------------------------------------------------


ST. MARY'S LAW JOURNAL 

VOLUME 20 1989 No. 4 

ARTICLES 


THE RELEVANCY REVOLUTION IN CRIMINAL LAW: A 
PRACTICAL TOUR THROUGH THE TEXAS RULES OF 
CRIMINAL EVIDENCE 

CATHLEEN C. HERASIMCHUK* 

 

I. Introduction 
...........................................................................................................738 

 

II. Rule 401. Definition of "Relevant Evidence" 
...........................................................743 

 

III. Rule 104(b). Relevancy Conditioned on Fact 
.......................................................756 

 

IV. Rule 402: Relevant Evidence Generally Admissible; 
       Irrelevant Evidence Inadmissible 
........................................................................768 

 

V. Rule 104(a): Questions of Admissibility Generally 
.................................................774 

 

VI. Rule 403: Exclusion of Relevant Evidence on Grounds 
      of Prejudice, Confusion, or Waste of Time 
.........................................................782 

 

VII. Additional Relevancy Rules 404 to 412 
.............................................................794 

 

VIII. Conclusion 
......................................................................................................797 

 

 Attorney at Law; Adjunct Professor of Law, University of Houston Law Center. B.A., Stanford University; J.D., University of
Houston Law Center. 


737 

HeinOnline -- 20 St. Mary's L.J. 737 (1988-1989) 

--------------------------------------------------------------------------------

782 ST. MARY'S LAW JOURNAL [Vol. 20:737 


Once the trial judge determines, under rule 104(a) that the evidence is legally admissible, he has one more step to complete if the
opponent of the evidence has objected to its admission as being substantially outweighed by some counterfactor under rule 403.



VI. RULE 403: EXCLUSION OF RELEVANT EVIDENCE ON 
GROUNDS OF PREJUDICE, CONFUSION, OR 
WASTE OF TIME 

Rule 403113 speaks to three distinct but interrelated goals: 1) the 



him and if fact issue raised, trial court must submit charge on admissibility of evidence); Hawkins v. State, 660 S.W.2d 65, 77
(Tex. Crim. App. 1983)(defendant entitled to instruction that before confession can be considered as evidence, jury must find that
defendant voluntarily and knowingly waived his right to counsel and self-incrimination); Murphy v. State, 640 S.W.2d 297, 299
(Tex. Crim. App. 1982)(when fact issue raised under 38.23, defendant has statutory right to have jury charged on admissibility of
evidence). This aberrational rule is in explicit conflict with TEX. R. CRIM. EVID. 104(a) and all pertinent United States Supreme
Court decisions. See supra, notes 92 to 112 and accompanying text. It adds nothing but confusion to juror deliberations and
appellate court opinions. See Wallace, Article L General Provisions, 20 Hous. L. REV. 87, 97 (1983 Tex. R. Evid. Handbook).
Justice Wallace of the Texas Supreme Court stated, with regard to evidentiary rulings in civil cases: 


Rule 104 vests exclusive authority in the trial judge to resolve preliminary questions of

evidence competency. The standard for determining competency is a legal one since the

predominant view is that a jury is incapable of making a reliable and discriminating evalu
ation. Thus, rule 104 keeps incompetent evidence from the jury altogether, thereby pre
serving the effectiveness of exclusionary rules such as hearsay. 

Id. Presumably, the Texas Legislature will soon repeal this statute, now that the Texas Rules of Criminal Evidence supercede it
and the federal rules so clearly reject it. See United States v. Santiago, 582 F.2d 1128, 1131-36 (7th Cir. 1978). 

113. See FED. R. EvID. 403. As originally drafted, federal rule 403 read: 

Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time. (a) EXCLUSION MANDATORY.
Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of
confusion of the issues, or of misleading the jury. 


(b) EXCLUSION DISCRETIONARY. Although relevant, evidence may be excluded if its probative value is substantially
outweighed by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. 


See I J. WEINSTEIN & M. BERGER, WEINSTEIN's EVIDENCE ¶403[011, at 403-6 (1985). This

drafting was objected to by the Department of Justice in 1971, whose report stated: 


We are opposed to an absolute standard of inadmissibility which would appear to require reversal on appeal whenever an
appellate court disagreed with the trial court's exercise of discretion. It is generally recognized that this matter is best left to the
discretion of the trial judge. 


THE DEPARTMENT OF JUSTICE REPORT 9 (1971)(reprinted in 1 J. WEINSTEIN & M. BERGER, WEINSTEIN's
EVIDENCE ¶403[011, at 403-7 n.4 (1985). Senator John L. McClellan, Chairman of the Senate Judiciary Committee,
expressed the same sentiment in a letter he wrote to the Standing Committee on Rules of Practice and Procedure: 


My difficulty lies with the failure of Subdivision (a) to see the ultimate issue in terms that 

 

 

HeinOnline -- 20 St. Mary's L.J. 782 (1988-1989) 
--------------------------------------------------------------------------------

1989] CRIMINAL EVIDENCE RULES 783 


avoidance of an incorrectly based result; 2) the promotion of actual and perceived fairness; and 3) the promotion of judicial
efficiency.  114 



emphasize the sound discretion of the trial judge and to uphold his ruling on appeal, absent abuse of discretion, in what will always
be a balancing situation. I see no reason to purport to draw a hard and fast line that no one will be able to trace in practice. The
adoption of the present draft will only provide criminal defendants with another standard ground for appeal and lead to more
needless reversals and retrials in criminal cases. 

Letter of John L. McClellan to the Standing Committee on Rules of Practice and Procedure, 3

(August 12, 1971), reprinted in 1 J. WEINSTEIN & M. BERGER, WEINSTEIN'S EVIDENCE ¶ 403[01], at 403-8 n.4
(1985); see also Comment, Relevancy and Its Limits in the Proposed Federal Rules of Evidence, 16 WAYNE L. REV. 167, 171
(1969Xrecommending addition of "if the trial judge in his discretion" to both subsections (a) and (b)). The fact that the final rule,
both federal and Texas, did give discretion to the trial judge in balancing all counterfactors, including "unfair prejudice," again
emphasizes the importance of the trial judge's role in weighing the probative and prejudicial factors and articulating his rationale for
the parties and appellate courts. See, e.g., United States v. Leuben, 812 F.2d 179,184 (5th Cir. 1987Xtrial court's ruling under
FED. R. EvID. 403 will not be overturned absent abuse of discretion; such abuse existed when trial judge permitted government
to offer evidence on issue of materiality, but not defense); United States v. De Parias, 805 F.2d 1447, 1453-54 (11th Cir.
1986)(trial court has great discretion in weighing prejudice against probative value; in extortion prosecution, no error in admitting
photographs of badly decomposed body of kidnapping victim since items had probative value in identifying victim and
corroborating testimony of crucial witness; fact that another witness also testified to cause of death did not result in such needless
cumulation of evidence as to amount to abuse of discretion), cert. denied, _ U.S. . 107 S. Ct. 3189, 96 L. Ed. 2d 678 (1987);
United States v. Booth, 669 F.2d 1231, 1239 (9th Cir. 1982)(trial court's ruling under rule 403 reversible only under "abuse of
discretion" standard which existed where trial court had improperly weighed balancing factors); United States v. Long, 574 F.2d
761, 766 (3d Cir.)(when objection invokes rule 403, trial judge should record balancing analysis to extent that exercise of
discretion will be fairly reviewed on appeal), cent. denied, 439 U.S. 985 (1978). Vesting discretion with the trial judge for
balancing all counterfactors is generally in accord with prior Texas common law. See Blakely, Article IV- Relevancy and Its
Limits, 20 Hous. L. REV. 151, 166-67 (1983 Tex. R. Evid. Handbook). For a discussion regarding the reconciliation of different
attitudes toward the use of judicial discretion embodied in rule 403, 
see generally 22 C. WRIGHT & K. GRAHAM, FEDERAL PRACTICE AND PROCEDURE § 5212, at

252-57 (1977). The authors conclude: 


Rule 403 embodies these conflicting issues of discretion. It recognizes the desirability of discretionary power to exclude evidence,
but attempts to limit the exercise of discretion by stating that policy considerations that are to justify its use.... The judge can
exclude evidence under Rule 403 only after he has balanced the competing considerations listed in the rule and concluded that the
costs of the evidence exceed its benefits .... Rule 403 does not require the judge to choose admission or exclusion, but it does
require him to follow the balancing procedure if exclusion is to be based on the rule. 

Id. at 256-57. 

114. Dolan, Rule 403: The Prejudice Rule in Evidence, 49 S. CAL. L. REV. 220, 226 (1976). In separating these three goals,
Professor Dolan states that the first "aims at control by the judge of the information which reaches the factfinder, usually the jury, in
such a way that the probability of objectively 'correct' factual determinations is maximized." Id. That is, the trial judge should
ensure that the jury "keeps its eye on the ball" of the litigated issues and is not misdirected in its focus, thereby running a risk of
reaching an incorrect result because of 

 

 

HeinOnline -- 20 St. Mary's L.J. 783 (1988-1989) 

--------------------------------------------------------------------------------


784 ST MAR Y'S LAW JOURNAL [Vol. 20:737 

This rule emphasizes the importance of the truth-seeking function of a criminal trial,"' but it does give a trial judge some
discretion116 in 



misleading or improperly emotionally-charged material. With respect to the second goal of actual and perceived justness of the
system, rule 403 acts by "discouraging the use of reprehensible tactics by counsel, by protecting witnesses from harassment, and
by encouraging production of evidence in accordance with the properly expected decorum of a trial." Id. at 228. The third goal
speaks to the economy of the trial process and the need to prevent trials from becoming evidentiary marathons. Id. at 226. It is "a
concession to the shortness of life" that a trial judge must have discretion to exclude some data which, though relevant, is of such
limited probative value, that its admission, and the admission of all other marginally probative evidence, would make the field of
judicial inquiry last forever. See James, Relevancy, Probability and the Law, 29 CALIF. L. REV. 689, 700-01 (1941).


Trials could come to an end only when the exhaustion of lawyers' ingenuity or clients'

money, and the trial judge or jury might be overwhelmed and bewildered by the multiplic
ity of collateral issues. Such a rule would result in the apparent justice and practical

injustice characteristic of English Chancery practice a century and a half ago. Id. at 701. 


115. Imwinkelried, The Need to Amend Federal Rule of Evidence 404(b): The Threat to the Future of the Federal Rules of
Evidence, 30 VILL. L. REV. 1465, 1485 (1985). 


116. Because of the importance of permitting the jury to hear all relevant evidence, a trial judge should use his discretion in
excluding evidence rule 403 very sparingly. United States Y. Betancourt, 734 F.2d 750, 757 (11th Cir. 1984)(rule 403 is
"extraordinary remedy which should be used only sparingly since it permits the trial court to exclude concededly probative
evidence" and "in criminal trials relevant evidence is inherently prejudicial"), cert. denied, 469 U.S. 1021 (1984); United States v.
Jamil, 707 F.2d 638, 642 (2d Cir. 1983)(trial judge must take special care to use rule 403, sparingly); United States v. Thevis,
665 F.2d 616, 633-34 (5th Cir. 1982)(rule 403 is "extraordinary remedy"). Dean Blakely noted that some prior, common-law
Texas decisions had held that "even a slight negative side effect of relevant evidence is enough to cause the exclusion of such
evidence." Blakely, Article IV Relevancy and Its Limits, 20 Hous. L. REV. 151, 167 (1983 Tex. R. Evid. Handbook). Under rule
403, "courts should not exclude relevant evidence without 'very good cause."' Id. (emphasis in original)(citing Davis Y. Davis, 521
S. W.2d 603, 607 (Tex. 1975)). Professor Goode is less convinced that rule 403 marks a dramatic change in Texas law. He
states: 

It must be assumed that the wording of rule 403 represents a deliberate effort to maximize

the relevant evidence that will be presented to the trier of fact... Yet no dramatic change

in Texas law was intended by the adoption of this rule and, given the breadth of the

discretion afforded the trial judges in this regard.... there is no reason to think that any

significant difficulty will be experienced in adjusting to the directives of rule 403 as a

matter of either language ... or substance... 
S. GOODE, O. WELLBORN & M. SHARLOT, GUIDE TO THE TEXAS RULES OF EVIDENCE: CIVIL AND
CRIMINAL § 403.1, at 90-91 (West 1988)(citations omitted). One might have thought that the conscious decision to adopt the
wording of the federal rule which had itself announced a dramatic change from prior common law, would and should be
interpreted as announcing a dramatic change from prior common law. Significantly, the authorities that Professor Goode relied
upon were all pre-rule ones. See id. In any "close" case, the trial judge probably should decide to admit the evidence. S.
SALTZBURG & K. REDDEN, FEDERAL RULES OF EVIDENCE MANUAL at 101 (4th ed. 1986)(slight presumption
favoring admission of relevant evidence). Judge Weinstein recommends: 

If there is doubt about the existence of unfair prejudice, confusion of issues, misleading, 

 

 

HeinOnline -- 20 St. Mary's L.J. 784 (1988-1989) 


--------------------------------------------------------------------------------

1989] CRIMINAL EVIDENCE RULES 785 


excluding otherwise relevant evidence when that evidence is "substantially outweighed" by specified countervailing factors.' 17 If
probative value and the countervailing factor are in "rough parity," the evidence may not be excluded.18


It is in the adoption of this rule that Texas evidentiary law has shifted dramatically from its common law heritage. Thus far, Texas
trial and appellate courts have been relatively slow in reading or applying the explicit words and intent of this rule."' Formerly, the
pro



undue delay, or waste of time, it is generally better practice to admit the evidence taking necessary precautions by way of
contemporaneous instructions to the jury followed by additional admonition in the charge.

I J. WEINSTEIN & M. BERGER, WEINSTEIN's EVIDENCE ¶ 403[01], at 403-10 (1985).

117. Dean Blakely asserts that the five counterfactors listed in rule 403 are exclusive. Thus, a trial court may never exclude
evidence under rule 403 for some reason other than those listed. 

The five factors listed in Texas rule 403 are the only factors to be balanced against probative value. In rules that have nonexclusive
lists, such as rule 404(b), the drafters have carefully set up the listed factors merely as examples. Rule 404(b) states, in part, that
evidence "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, [and] preparation. . ." In
rule 403, the absence of "such as" or similar phrase indicates that the listed factors are the only factors to be considered, not mere
examples. 

Blakely, Article IV- Relevancy and Its Limits, 20 Hous. L. REV. 151, 170 (1983 Tex. R. Evid. Handbook) (emphasis in
original)(citation omitted); see also S. GOODE, 0. WELLBORN AND M. SHARLOT, GUIDE TO THE TEXAS RULES OF
EVIDENCE: CIVIL AND CRIMINAL § 403.1, at 

88 (West 1988). 

118. Dolan, Rule 403: The Prejudice Rule in Evidence, 49 S. CAL. L. REV. 220, 236 (1967)(suggesting that exclusion is subject
to "tightfisted use of the rule"). 


119. See, e.g., Alexander v. State, 740 S.W.2d 749, 762-64 (Tex. Crim. App. 1987)(postrules decision, but trial held before
adoption of rules and applied old standard of probative value outweighing prejudicial effect in determining admissibility of
extraneous offenses); Parks v. State, 746 S.W.2d 738, 740-41 (Tex. Crim. App. 1987)(post-rule decision but pre-rules trial
where extraneous offenses admissible if probative value not outweighed by prejudicial nature); Wilkerson v. State, 736 S.W.2d
656, 659 (Tex. Crim. App. 1987)(post-rules decision which failed to cite rule 404 and applied old common-law rule of
admissibility that probative value of evidence outweighs prejudicial or inflammatory nature; probable, however, that trial was held
before effective date of rules and therefore controlled by prior law, not rules of evidence); Morgan v. State, 692 S.W.2d 877,
879, 882 n.7 (Tex. Crim. App. 1985)(pre-rules decision relying upon prior common law; holding that relevancy value of
extraneous offense must outweigh "its inflammatory or prejudicial potential"); Kirkpatrick v. State, 747 S.W.2d 833, 835 (Tex.
App.-Dallas 1987, pet. ref'dXmisstating rule 403 as testimony's probative value outweighs prejudicial effect). But see Pleasant v.
State, 755 S.W.2d 204, 206 (Tex. App.-Houston [14th Dist.] 1988, no pet.)(correctly utilizing rule 403; trial judge well within
discretion in determining that probative value of extraneous offense not substantially outweighed by danger of unfair prejudice);
Pike v. State, 758 S.W.2d 357, 361 (Tex. App.-Waco 1988, no pet.)(utilizing "substantially outweighed" language of rule 403;
trial court's determination of relevancy and its balancing "will not be disturbed on appeal except for a clear abuse of discretion");
Rodda v. State, 745 S.W.2d 415, 417-18 (Tex. App.-Houston [14th Dist.] 1988, pet. 

 

 

HeinOnline -- 20 St. Mary's L.J. 785 (1988-1989) 

--------------------------------------------------------------------------------

786 ST MARY'S LAW JOURNAL [Vol. 20:737 


ponent of evidence was required to demonstrate that the probative value of his offered item outweighed its possible negative
attributes, such as prejudicial effect. 120 Now, however, the burden has shifted to the opponent of the evidence to demonstrate
not merely that the counterfactor outweighs the item's probative value, but that it substantially outweighs any probative value. '2'
This shift of focus may be 



ref'd)(correctly citing and analyzing rule 403); Cole Y. State, 735 S.W.2d 686, 689 (Tex. App.-Amarillo 1987, no pet.)(correctly
applying rule 403). For a recent Texas case utilizing rules 102, 103, 104, 401-403, and holding that a trial court does not abuse
its discretion in excluding evidence which could confuse the issues and mislead the jury, see generally Dorsett Y. State, 761
S.W.2d 432 (Tex. App.-Houston [14th Dist.] 1988, no pet.)(construing rules liberally and holding that trial court did not abuse
discretion in excluding testimony by psychologist concerning psychological profile of defendant and his expert opinion that "highly
improbable" defendant was child abuser). Since expert witnesses and their opinions carry great weight in the courtroom, such
"profile" opinions are generally looked at with disfavor since they can easily mislead the jury. Can scientific studies tell us that there
is a "murderer" profile or a "pedaphile profile," members of which necessarily share character traits and act in conformity
therewith? And does the converse necessarily apply? Those who do not test in accord with a "murderer" profile do not commit
murders? Neither science nor logic appear to have reached any consensus on these issues. Thus, trial courts act well within their
discretion in excluding such misleading matter. The Dorsett opinion exemplifies the common-sense approach toward the new rules
so frequently articulated in Justice Robertson's opinions for the Fourteenth Court of Appeals. 

120. Bush v. State, 628 S.W.2d 441, 444-45 (Tex. Crim. App. 1982)(in criminal cases, initial inquiry respecting admissibility of
evidence whether its probative value exceeds its potential prejudice); see also Williams v. State, 662 S.W.2d 344, 346 (Tex.
Crim. App. 1983). In Williams, the Texas Court of Criminal Appeals adopted the correct methodology of determining the
admissibility of an extraneous offense by analyzing its probative value and weighing that value against its prejudicial effect;
however, the standard it used, "probative outweigh prejudicial" has been significantly altered by the adoption of rule 403. See
Crank v. State, 761 S.W.2d 328, 342 n.5 (Tex. Crim. App. 1988) ("plain language of rule 403 ... is to admit relevant evidence
unless the probative value of relevant evidence is substantially outweighed by the danger of unfair prejudice to a defendant"). The
opinion in Crank, delivered more than two years after the promulgation of the' Texas Rules of Criminal Evidence, was the first
time the Texas Court of Criminal Appeals noted that the balancing test of probative value versus prejudicial effect had shifted from
probative value outweighing prejudicial effect to prejudicial effect substantially outweighing probative: value. Thus, while Williams
retains its usefulness as a guide to the methodology for focusing upon the probative value of extraneous offenses and how to weigh
the various factors which maximize probative value, e.g., temporal and spatial proximity, similarity of mode, need for the evidence,
against prejudicial effect, the correct balancing test is enunciated in Crank which has superceded Williams. 

121. See Crank, 761 S. W.2d at 342 n.5; see also United States Y. Jamil, 707 F.2d 638, 644 (2d Cir. 1983)(in absence of
significant showing of unfair prejudice, evidence having substantial probative value not to be excluded); United States v. Dwyer,
539 F.2d 924, 928 (2d Cir. 1976)(when probative. value of evidence great, it should not be excluded in absence of significant
proof of unfair prejudice). The word "substantially" is not defined within the rule. Once again, it is the trial judge's articulated
assessment of the factors, their weight, and probable effect upon the jury, that properly controls. Judge Weinstein suggests that: 

 

 

HeinOnline -- 20 St. Mary's L.J. 786 (1988-1989) 

--------------------------------------------------------------------------------

1989] CRIMINAL EVIDENCE RULES 787 


shown schematically as follows: 

Common Law                                                 Rules of Evidence 

0 

.x. /~                                                                   X' 

 probative         prejudicial                                 probative         prejudicial

  value                 effect                                      value                 effect 


admit 'X' 1t probative value                               admit 'X' unless prejudicial

outweighs prejudicial effect                                effect substantially outweighs
                                                                             probative value




Rule 403 is the rule which most clearly demonstrates that the codified rules of evidence are inclusionary rather than exclusionary.
122 Further, the rule "does not establish a mere imbalance as the standard, but rather requires that evidence `may' be barred only
if its pro



The usual approach on the question of admissibility on appeal is to view both probative force and prejudice most favorably
towards the proponent, that is to say, to give the evidence its maximum reasonable probative force and its minimum reasonable
prejudicial value... The trial court will lean towards this approach since the thrust of the Federal Rules favors admissibility... But ...
the trial judge should be able to weigh probative force and prejudice fairly accurately in the light of the special trial conditions and
circumstances that he can observe... Trial judges will rule in a way that will enable them to finish the trial with an abiding sense that
rationality rather than prejudice decided the issues... 

1 J. WEINSTEIN & M. BERGER, WEINSTEIN'S EVIDENCE, ¶403(03], at 403-46-52 (1985)(cita


tions omitted). Other commentators have disagreed with this standard and suggest that courts "resolve all doubts concerning the
balance between probative value and prejudice in favor of prejudice." Dolan, Rule 403: The Prejudice Rule in Evidence, 49 S. CAL. L. REV. 220, 223 (1976). A middle course would balance the maximum probative value that the evidence could offer against the "likely" prejudicial
effect. See S. SALTZBURG & K. REDDEN, FEDERAL RULES OF EVIDENCE MANUAL 102 (4th ed. 1986). By utilizing
this test, both the trial judge and appellate courts would use a common sense approach toward what effect upon a reasonable,
hypothetical juror the offered evidence would be likely to produce.




122. See United States v. Beechum, 5112 F.2d 898, 910-11 n.13 (5th Cir. 1978)(en bancXnoting significance of congressional
committee's amendment to original rule 404(b) placing greater emphasis on admissibility of extraneous offense evidence to bring
rule in line with rule 402 which establishes presumption that all relevant evidence admissible), cert. denied, 440 U.S. 920 (1979);
Rodda v. State, 745 S.W.2d 415, 418-19 (Tex. App.-Houston [14th Dist.] 1988, pet. ref'd)(citing Beechum with approval and
applying it to Texas law). 

 

 

HeinOnline -- 20 St. Mary's L.J. 787 (1988-1989) 


--------------------------------------------------------------------------------


788 ST MARY'S LAW JOURNAL [Vol. 20:737



bative value is `substantially outweighed' by prejudice.'"" Thus, a trial court may, but is not required to, exclude such evidence.
124 


Most rule 403 trial objections are leveled on the basis of "unfair prejudice," but it must be remembered that virtually all proffered
evidence is prejudicial to the opposing party. Only "unfair"i23 prejudice 



123. United States v. Long, 574 F.2d 761, 767 (3d Cir.), centm denied, 439 U.S. 985 (1978Xemphasizing great discretion of
trial court; appellate reversal of trial judge's balancing under rule 403 must be based upon highly subjective reasons which are not
always readily definable or recognizable). 


124. The rule permits, but does not compel, the exclusion of evidence which runs afoul of its terms. Therefore, even if the judge
finds that the probative value of the evidence is outweighed by countervailing factors, he may look to other matters in exercising
his discretion and still admit the evidence. Dolan, Rule 403: The Prejudice Rule in Evidence, 49 S. CAL. L. REV. 220, 231.32
(1976). As a caveat, however, the trial judge must make a full explanation on the record as to the precise rationale he used in
exercising his discretion in this manner, or the appellate court may well determine that the trial court was simply not doing his job,
rather than doing it creatively, conscientiously, and correctly. 

125. "Unfair" prejudice means an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily,
an emotional one." FED. R. EvID. 403 advisory committee's note. See United States v. Jamil, 707 F.2d 638, 644-45 (2d Cir.
1983)(fact of "prejudice" does not constitute showing of "unfair" prejudice; difficulties of inhibition of trial counsel, redaction and
strong ethical doubts about propriety of allowing recording in evidence, while factors to consider, did not create "unfair"
prejudice); United States v. Mills, 704 F.2d 1553, 1559-60 (11th Cir. 1983)(while evidence of prison gang membership, history,
and activities, "may have been damaging" to murder defendant accused of killing fellow inmate, it was not "unfairly" prejudicial),
cert denied, 467 U.S. 1243 (1984). But see United States v. Nichols, 781 F.2d 483, 485 (5th Cir. 1986)(abuse of discretion for
judge to permit government to offer evidence of drug defendant's prior conviction for conspiracy to commit same crime for which
he was then on trial because unfairly prejudicial nature of such evidence clearly outweighed any probative value of evidence
offered to show intent and identity); United States v. Dwyer, 539 F.2d 924, 928 (2d Cir. 1976Xexclusion of testimony of
defendant's witness resulted in unfair prejudice to defendant). It is evidence that unjustifiably appeals to a juror's heart, rather than
his head, that arouses passion, rather than reason, or in some other manner persuades a jury to base its decision upon emotion
rather than evidence, that constitutes "unfair" prejudice. As was stated in United States v. Figueroa, 618 F.2d 934, 943 (2d Cir.
1980): 


All evidence introduced against a defendant, if material to an issue in the case, tends to

prove guilt, but it is not necessarily prejudicial in any sense that matters to the rules of

evidence .... Evidence is prejudicial only when it tends to have some adverse effect upon

a defendant beyond tending to prove the fact or issue that justified its admission into

evidence .... The prejudicial effect may be created by the tendency of the evidence to

prove some adverse fact not properly in issue or unfairly to excite emotions against the

defendant .... When material evidence has an additional prejudicial effect, Rule 403

requires the trial court to make a conscientious assessment of whether the probative value

of the evidence on a disputed issue in the case is substantially outweighed by the prejudi
cial tendency of the evidence to have some other adverse effect upon the defendant. 


Id.; see also Dolan, Rule 403: The Prejudice Rule In Evidence, 49 S. CAL. L. REV. 220 (1976). Dolan classifies "unfair"
prejudicial evidence into three categories: that which "seeks to affect irrationally the jurors' perception of the party because of
some intrinsic characteristic of the 

 

 

HeinOnline -- 20 St. Mary's L.J. 788 (1988-1989) 


--------------------------------------------------------------------------------

1989] CRIMINAL EVIDENCE RULES 789 


should ever be the basis for exclusion of relevant evidence. When probative value is low, the unfair prejudicial effect of the offered
evidence need not be great to permit exclusion of the evidence."' However, when the probative value of the evidence is high,
courts should tolerate a fair degree of prejudicial effect since, in criminal trials at least, relevant evidence frequently has emotional
overtones. 127 


For example, in Mr. Toad's involuntary manslaughter trial, the State might offer numerous photographs of the accident scene: pic



individual litigant"; that which "involves damning the position of a party because of the party's association with certain groups"; and
that which "excite[s] the jury's rage or its lust for revenge in the hope that the jury will 'take it out' on whomever is most
convenient, i.e. the defendant." Id.; see also S. GOODE, O. WELLBORN & M. SHARLOT, GUIDE TO THE TEXAS
RULES OF EVIDENCE: CIVIL AND CRIMINAL § 403.2, at 93-94 (West 1988). 

126. See. e.g., Lewis v. State, 676 S.W.2d 136, 140 (Tex. Crim. App. 1984). Here, the Texas Court of Criminal Appeals, in a
prosecution for indecency with a child, analyzed evidence of a magazine containing pictures of a young girl in various stages of
undress that was given by the defendant to another and found that this evidence had, at best, minimal probative value; thus, since
its emotional, "unfair" prejudicial effect was high, the trial court erred in admitting the magazine. Id. at 140. On the other hand,
statements made by the defendant to the other person had greater probative value because they showed the circumstances under
which the alleged offense was committed and were helpful in showing the defendant's intent to gratify his own sexual desires. Id. at
141. Therefore, these statements were admissible despite their possible inflammatory effect. Id. Although the court did not
explicitly discuss the issue in Lewis, a trial court has the authority and discretion to admit the most probative portions of evidence
and exclude the more inflammatory. See United States v. McManaman, 606 F.2d 919, 926 (10th Cir. 1979)(government offered
portions of lengthy conversation which were relevant to impeachment, and inflammatory parts dealing with murder plans; however,
explosive portions not excised, as can be done to avoid such dangers of prejudice). 

127. See Parr v. United States, 255 F.2d 86, 88 (5th Cir.), cent denied, 358 U.S. 824 (1958)(while showing obscene film to jury
would admittedly arouse sympathies and prejudices of jury, defendant could not force government to accept stipulation that film
was obscene since stipulation might have effect of robbing evidence of much of its legitimate and fair weight); see also United
States v. Sampol, 636 F.2d 621, 679-80 (D.C. Cir. 1980)(not error to permit government to introduce evidence of explosion
which killed victim of assassination though defendant willing to stipulate to cause of death because stipulation would have diluted
value of proof); United States v. Hearod, 499 F.2d 1003, 1004-05 (5th Cir. 1974)(not error to permit doctor to testify in detail
about victim's loss of eye even though defendant admitted loss in opening statement as trial judge has discretion in balancing
probative value against prejudicial effect). Courts have almost always held that while it is prejudicial to defendants for a jury to see
the precise nature and results of their conduct, it is not "unfairly" so. For a criticism of the right to admit prejudicial evidence over
an opposing party's offer to stipulate, see generally Fortune. Judicial Admissions in Criminal Cases: Blocking the Introduction of
Prejudicial Evidence, 17 CRIM. L. BULL. 101, 120 (1981), which concludes that when defendant admits element of State's
case, the trial judge may instruct jury that element admitted and prevent prosecution from offering evidence on element. However,
when a stipulation goes to an evidentiary fact rather than an ultimate fact, the trial judge should balance incremental probative value
of the offered evidence against the bare stipulation under rule 403. Id. 

 

 

HeinOnline -- 20 St. Mary's L.J. 789 (1988-1989) 


--------------------------------------------------------------------------------

790 ST. MARY'S LAW JOURNAL [Vol. 20:737 


tures which, in gory detail and bright color, show Hortense's bloody body, the beer cans scattered in and around Mr. Toad's car,
glass and metal debris scattered over a hundred feet, and Mr. Toad wobbling unsteadily and grinning crookedly. Admittedly,
these pictures are highly prejudicial to the defense. They will effectively transport the jurors to the crime scene moments after the
accident occurred. They will undoubtedly evoke horror and emotional distress in the jurors' minds. But they are admissible
because they are not "unfairly prejudicial."128 They are accurate depictions of what Mr. Toad is charged with having caused.129
A videotape of the accident scene, like the photographs, is highly prejudicial, but highly probative as well. It, too, is admissible."' 

Relevant evidence may also be excluded, in the trial court's discretion, if the probative value of that evidence is substantially out



128. Burdine v. State, 719 S.W.2d 309, 316 (Tex. Crim. App. 1986)(as general rule, if verbal description of scene or person
admissible, photograph of that scene or person also admissible); Lopez v. State, 630 S.W.2d 936, 939 (Tex. Crim. App.
1982Xif verbal description of body admissible, then photograph depicting same admissible and no error in admitting slides of
bloody body and permitting State to project them up on courtroom wall); Kelly v. State, 621 S.W.2d 176, 181-82 (Tex. Crim.
App. 1981)(not error to admit photograph of deceased's face revealing facial shotgun wounds; admissible to show nature and
extent of injuries). Even in the face of an offer to stipulate, a party is entitled to prove its lawsuit in its own fashion, not in some
fashion designed by the opponent. United States v. Archambault, 670 F.2d 800, 802 (8th Cir. 1982)(in conviction for involuntary
manslaughter arising out of automobile accident not error to admit photographs of inside of defendant's truck immediately after
accident which showed empty and broken liquor bottles and offered to prove what investigating officer saw at scene of accident).
As Judge Learned Hand pointed out, evidence may not be excluded merely because it is unpleasant. Slattery v. Marra Bros., 186
F.2d 134, 138 (2d Cir. 1951)(evidence of "repulsive injuries" is not made inadmissible because they may excite the jury's
emotions); see also State v. Moore, 102 P. 475, 477 (Kan. 1909)("[a] court cannot arrange for lively music to keep the jury
cheerful while the State's case in a murder trial is being presented, and grewsome [sic] evidence can not be suppressed merely
because it may strongly tend to agitate the jury's feelings"). 

129. Consider, however, a photograph of Little Nell screaming hysterically at the scene as she views the dead body of her
daughter. Is this admissible in the involuntary manslaughter trial? It is not relevant to any issue regarding Mr. Toad's behavior, nor
is it relevant to show the nature and extent of any injuries to Hortense. The unfair prejudicial effect is enormous, while the
probative value of showing the nature and extent of the mental injuries to Little Nell, who is not the alleged victim, is small. It
should not be admitted. The result would be otherwise in a civil suit for wrongful death, in which Little Nell sues Mr. Toad for the
mental anguish she suffered over the death of her daughter. 

130. See Marras v. State, 741 S.W.2d 395, 404 (Tex. Crim. App. 1987)(motion pictures merely collection of photographs and
rules for their admission same as for photographs); Miller v. State, 741 S.W.2d 382, 388 (Tex. Crim. App. 1987)(admission of
videotape depicting not only scene of capital murder death but also route taken by murderers upheld); Wilkerson v. State, 726
S.W.2d 542, 547 (Tex. Crim. App. 1986). 

 

 

HeinOnline -- 20 St. Mary's L.J. 790 (1988-1989) 

--------------------------------------------------------------------------------

1989] CRIMINAL EVIDENCE RULES 791 

Weighed by the danger of confusion of the issues,"' misleading the 
jury,132 or by considerations of undue delay, 133 or needless presenta



131. The notion of "confusion of the issues" has been explained by Wigmore thus: 

in attempting to dispute or explain away the evidence thus offered, new issues will arise as

to the occurrence of the instance and the similarity of conditions, new witnesses will be

needed whose cross-examination and impeachment may lead to further issues; and that

thus the trial will be unduly prolonged, and the multiplicity of minor issues will be such

that the jury will lose sight of the main issue, and the whole evidence will be only a mass

of confused data from which it will be difficult to extract the kernel of controversy. 

2 J. WIGMORE, WIGMORE ON EVIDENCE § 443, at 528-29 (Tillers rev. 1983); see also United States v. Schmidt, 711
F.2d 595, 598-99 (5th Cir. 1983)(trial court did not err in excluding psycholinguistics expert's testimony offered to prove
defendant did not knowingly and willfully utter purportedly false statements to grand jury because evidence would have confused
issues and made complex a simple issue easily comprehensible to jury), cenm denied, 464 U.S. 1041 (1984): United States v.
Michelena-Orovio, 702 F.2d 496, 499-500 (5th Cir. 1983Xtrial court did not err in denying defendant's request to have jury
smell one bale of marihuana in courtroom), cert denied, 465 U.S. 1104 (1984). In Michelena-Orovio, government witnesses had
testified that they searched a ship because of odor emanating from 363 bales of marihuana. Id. The defendant argued that there
was no reasonable justification for searching since the agents could not have detected the smell. The court found that placing one
bale of marihuana in the courtroom a year after its seizure did not replicate the conditions at the time of the search and the jury
would be confused by this demonstration. Id. A fair rule of thumb was expressed by the trial judge in United States v. Pollock,
394 F.2d 922, 926 (7th Cir.), centt denied, 393 U.S. 924 (1968): 


I don't think we can start dumping into the laps of the jury that whole civil case. This man and company have been litigating now, .
. . for five years, and this [civil] trial lasted twenty-six days, and we can't incorporate that trial by reference to this trial. 

Id. 

132. Many commentators see no real distinction between "confusion of the issues" and "misleading the jury." See C.
MCCORMICK, MCCORMICK ON EVIDENCE § 185, at 439 (1972); 2 R. RAY, TEXAS LAW OF EVIDENCE § 1481,
at 168 (3d ed. 1980); J. WIGMORE, WIGMORE ON EVIDENCE § 1864, 642-44 (Tillers rev. 1983). The Advisory
Committee Note to rule 403 offers no guidance either. Professor Dolan, however, distinguishes the two concepts thus: 

Confusion of the issues, as a prejudice rule consideration, speaks most appropriately to

the doctrine of limited admissibility and to the use of evidence from, or the results of,

other trials .... Misleading the jury may sound like a synonym for confusing the issues,

but it is not. While it is true that evidence which confuses the issues is likely to mislead as

well, the reverse is not always true ... [m]isleading the jury will likely occur when evi
dence is seductively persuasive--a good and distinct definition. 


Dolan, Rule 403: The Prejudice Rule in Evidence, 49 S. CAL. L. REv. 220, 240.42 (1976). 


133. Evidence which concededly has some probative value may be excluded if its proof and counterproof offered by the opposing
party will consume more time and resources than the evidence is worth. See James, Relevancy, Probability and the Law, 29
CALIF. L. REV. 689, 702 (194lXdetermination of whether relevant evidence has sufficient probative force to justify time taken to
offer it requires considering difficulty in establishing evidentiary fact, how offered fact will fit in with other facts already in evidence,
how this fact affects major issues, and whether evidence merely cumulative); see also United States v. Bowe, 360 F.2d 1 (2d
Cir.), cert denied, 385 U.S. 961 (1966). In this pre-rules decision, the defendant was convicted of smuggling explosives into the
United States and conspiring to blow up government property. Id. One 

 

 

HeinOnline -- 20 St. Mary's L.J. 791 (1988-1989) 

-------------------------------------------------------------------------------
792 ST. MARY'S LAW JOURNAL [Vol. 20:737 

tion of cumulative evidence.' 34 In the hypothetical involuntary manslaughter trial, suppose that Mr. Toad offers various witnesses, 



defensive theory was entrapment by the chief government witness. In excluding the testimony

of a defense witness who would have testified to the star government witness' request to par
ticipate in a plan to blow up the Statue of Liberty, the Second Circuit stated: 

Thus, the issue here is whether the exclusion of the admittedly relevant evidence constituted an abuse of discretion by the trial
judge. We conclude that it did not. 

A trial judge has discretion to exclude evidence which is only slightly probative if its introduction would confuse and mislead the
jury by focusing its attention on collateral issues and if it would unnecessarily delay the trial. [citations omitted]. The rationale
underlying this broad grant of discretion is that such a determination necessarily requires the balancing of intangible factors
peculiarly within the knowledge of the trial judge. 


Id. at 15. Obviously, if the probative value had been high rather than "slight," a different

balancing would be required. 

134. Cumulative evidence is defined by Dean Blakely as: 


[A]dditional evidence directed to the same point. The rule applies only to needlessly cumulative evidence. If the jury is to be
persuaded to adopt a party's position, it will be so persuaded by the evidence already presented on the point; cumulative evidence
will have no effect other than to consume time. 


Blakely, Article IV. Relevancy and Its Limits, 20 Hous. L. REV. 151, 169-70 (1983 Tex. R. Evid. Handbook)(emphasis in
original; citations omitted); see also S. GOODE, O. WELLBORN & M. SHARLOT, GUIDE TO THE TEXAS RULE OF
EVIDENCE CIVIL AND CRIMINAL § 403.2, at 
97 (West 1988)(since rule applies only to "needlessly" cumulative evidence, judges should be sensitive to 'right' of party to make
case in most persuasive manner possible which may demand two or more documents or witnesses addressed to same material
issue"); United States v. Crosby, 713 F.2d 1066, 1072 (5th Cir.)(Viet Nam veteran defendant's expert evidence on posttraumatic
stress disorder included copious records from veterans counseling center and these records properly excluded as needlessly
cumulative of other testimony offered through various sources and witnesses), cert denied, 464 U.S. 1001 (1983); United States
v. McLernon, 746 F.2d 1098, 1117 (6th Cir. 1984Xtaped conversation between DEA agents discussing tactics to use in cajoling
drug dealers to consummate drug purchase properly excluded; although evidence relevant to entrapment defense, cumulative of
other evidence of inducement). While it cannot be said that when the jury has seen one character witness, it has seen them all, a
trial court does have great discretion in deciding when evidence is merely cumulative and needlessly so. While the trial court would
probably permit Mr. Toad to call his minister, his employer, his wife, his next door neighbor, and his bartender to testify to his
reputation for sobriety, the judge could exercise his discretion in excluding the two sisters-in-law, every member on the baseball
team, and his six Thursday night drinking companions. When a witness offers a new perspective on the issue or a further
clarification of the evidence, his testimony may be cumulative, but not needlessly so. Conversely, when the perspective is the
same, or the testimony precisely the same, the court may remember that it "has obligations to other parties who have cases to be
heard." United States v. United Shoe Machinery Corp., 93 F. Supp. 190, 191-92 (D. Mass. 1950); see also C. WRIGHT & K.
GRAHAM, FEDERAL PRACTICE AND PROCEDURE § 5213, at 260 (1977). Wright and Graham state that 

[a] court could not refuse, on the grounds of undue consumption of time, to hear the

testimony of a fifth eyewitness to an assault with a baseball bat. But if the parties are

professional baseball players, as in the celebrated Marichal-Roseboro case, surely not eve
ryone in the ball park is entitled to a seat in the witness box. 

Id. 

 

 

HeinOnline -- 20 St. Mary's L.J. 792 (1988-1989) 

--------------------------------------------------------------------------------


1989] CRIMINAL EVIDENCE RULES . 793 


records, and eyewitness testimony to prove similar, earlier accidents that occurred at this location. His defense theory is that this
location is inherently dangerous and the present accident was caused, not by his intoxication, but by the dangerous road
conditions. The trial judge would be acting well within his discretion to exclude this evidence which has some probative value, but
would lead to confusion of the issues and undue delay."' 

One factor that may not be taken into account when balancing probative and prejudicial factors under rule 403 is the credibility of
the witnesses as this is always a matter for the jury, not the judge, to determine.' 36 


Since the issues in one trial can never be precisely duplicated in another, each judge in each case should, when employing rule
403, carefully articulate the probative value of the evidence, enunciate the specific countervailing factors he perceives and the
relative weight of each, and explain why he balanced them in the manner that he did to achieve the particular result. While it is the
parties' responsibility to 



135. During the debates on the adoption of Rule 303 of the Model Code of Evidence, the forerunner of the Federal Rules of
Evidence, the Reporter, Professor Morgan, spoke to precisely this scenario: 

Very frequently evidence of slight probative value will be admissible because relevant but the trial judge knows that there is no use
taking up time with hearing it. Take evidence of similar accidents, for example, to show that a particular place is dangerous. Now,
most of the courts will say that you can put that in if there is not going to be a great dispute about each one of these accidents.
Suppose you offer to show that X was hurt at this particular place one year ago and Y was hurt at this particular place two years
ago and there were three or four accidents in that place, and suppose the opponent of the evidence says, "If you admit that
evidence, sir, we intend to go into the question of the circumstances of each one of those accidents to show that it was due solely
to the fault of the injured person." Is the trial court going to have to take all that evidence? It is all relevant. The reason that the
courts give frequently for keeping that testimony out is that it will consume too much time. Of course, it is relevant. Its relevancy is
slight. Sometimes they say there is danger of misleading the jury by confusing the issues. 


19 PROCEEDINGS OF THE AMERICAN LAW INSTITUTE 223 (1942); see also James, Relevancy, Probability and the Law, 29 S. CAL. L. REv. 689, 700-03 (1941); cf. United States v. Yarns,

811 F.2d 454, 455-56 (8th Cir. 1987)(trial court did not abuse its discretion in excluding por
tion of cross-examination of government witness concerning his past illegal activities). The

Yarns court found that the testimony would have led the jury into an excursion into past

events that were only relevant through defendant's impeachment theory. Even if successful,

the testimony would only have shown that the witness engaged in a conspiracy, something the

jury already knew. Thus, evidence would have been extremely time-consuming and could

have confused the issues. Id. 

136. C. WRIGHT & K. GRAHAM, FEDERAL PRACTICE & PROCEDURE § 5214, at 265-66 (1977). 

 

HeinOnline -- 20 St. Mary's L.J. 793 (1988-1989) 


--------------------------------------------------------------------------------


794 ST MARY'S LAW JOURNAL [Vol. 20:737 


bring all pertinent factors to his attention, the trial judge is required to 
make a very particular ruling, applicable only to this specific factual 
scenario. Therefore, legal precedents are of so little value in dictating the 
proper balance that the American Law Institute specifically forbade the use of 
403 rulings as legal precedent when it drafted the Model Code of Evidence. 13" 
Since the policy of rule 403 is based upon the trial judge's conscious balance 
of competing probative and prejudicial factors, an appellate court will be 
focusing upon the methodology he used, rather than the result he reached, in 
reviewing any allegations of "abuse of discretion." 138


VII. ADDITIONAL RELEVANCY RULES 404 TO 412 


All of the rest of the relevancy rules, from rule 404 through 412, are merely specific examples of the general balancing rule of 403.
They are intended to advance the truth-seeking mission of the trial while simultaneously accounting for other institutional goals of
fairness and efficiency. These rules are the result of courts having been faced on numerous occasions with the same evidentiary
scenario and having repeatedly found that the probative value of a certain type of evidence was outweighed by various
counterfactors. Rule 404,139 for example, 



137. A.L.I. MODEL CODE OP EVIDENCE RULE 303 (Discretion of Judge to Exclude Admissible Evidence), Comment
(1942): 


The application of this Rule should depend so completely upon the circumstances of the particular case and be so entirely in the
discretion of the trial judge that a decision in one case should not be used as a precedent in another. Id.; see also 22 C. WRIGHT & K. GRAHAM, FEDERAL PRACTICE AND PROCEDURE § 5214, at

265 (1977)(past decisions useless in weighing process under rule 403). 

138. See supra, notes 9 to 12 and accompanying text. 

139. Rule 404: Character Evidence Not Admissible to Prove Conduct; Exceptions; Other Crimes. 


(a) Character evidence generally. Evidence of a person's character or a trait of his character is not admissible for the purpose of
proving that he acted in conformity therewith on a particular occasion, except: 

(1) Character of accused. Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the
same; 

(2) Character of victim. Subject to Rule 412, evidence of a pertinent trait of character of the victim of the crime offered by an
accused, or by the prosecution to rebut the same, or evidence of peaceable character of the victim offered by the prosecution in a
homicide case to rebut evidence that the victim was the first aggressor; 


(3) Character of witness. Evidence of the character of a witness, as provided in Rules 607, 608, and 609. 


(b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person
in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of
motive, opportunity, intent, 

 

HeinOnline -- 20 St. Mary's L.J. 794 (1988-1989) 


--------------------------------------------------------------------------------

 

 

 

 

 

 

 

 

1. Reese v. State, 33 S.W.3d 238, 240-44 (Tex.Cr.App. 2000) (holding that trial court abused its discretion to admit at the
punishment phase of the defendant's capital murder trial a photograph of the murder victim and her unborn child lying in a casket).

2. The record reflects that, during closing jury arguments at the punishment phase, the prosecution urged the jury to use the
picture for these purposes. 

3. This portion of the essay is attached as an Appendix.

4. The "plain" language of rule 403 provides a trial court with some discretion to exclude relevant evidence. It apparently was
not intended to give appellate courts the power to decide that a trial court abuses its discretion if it decides to admit that relevant
evidence. See Herasimchuk at 784-85 (rule 403 gives trial court some discretion to exclude otherwise relevant evidence when
that evidence is "substantially outweighed" by specific countervailing factors) and at 787-88 (a trial court may, but is not required
to,exclude evidence that meets the rule 403 standard) (emphasis in italics in original); see also Montgomery v. State, 810 S.W.2d
372, 378 n.7 (Tex.Cr.App. 1990) (op. on original subm'n) (rule 403, like its federal counterpart, provides that a trial court may
exclude relevant evidence implying that the trial court is not required to do so). 

5. See Montgomery v. State, 810 S.W.2d at 389 (op. on reh'g) (relevant evidence is presumed admissible); Herasimchuk at 787
(codified rules of evidence are inclusionary rather than exclusionary). 

6. In Jamil, the Court decided that the trial court abused its discretion to exclude evidence under rule 403. See Jamil, 707 F.2d
at 645. 

7. Appellant's trial objection that "the prejudicial extent of [the photograph] is not outweighed by any probative value" and his
claim on direct appeal that the photograph was "highly prejudicial" also misstate the substantive law set out in rule 403. 

8. Emphasis in original.

9. In addition, excluding evidence, simply because it might encourage jurors to make a decision on an emotional basis, would
require excluding any defense evidence that tugs at a juror's heartstrings to impose a lesser sentence. 

10. The Court's opinion also suggests that it was improper for the prosecution to urge the jury to use the photograph "to
appreciate just how serious this is and far reaching and devastating an effect this defendant's crime has had." See Erazo, slip op.
at 17. This, however, is precisely why the photograph was properly admitted to show the "circumstances of the offense." The
prosecution did not use it for some nefarious purpose unrelated to the "circumstances of the offense." See Article 37.07, § 3;
Sunbury, 88 S.W.3d at 233-34.