**John Arthur RODDA, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. A14–87–049–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 14, 1988.

Bob Wicoff, Houston, for appellant.

John B. Holmes, Jr., David E. Brothers, Frances M. Northcutt, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

## OPINION

ROBERTSON, Justice.

The jury rejected appellant's not guilty plea to indecency with a child, and the court, after finding appellant had previously been convicted of the same type of offense, assessed confinement at ten years. Issues on appeal concern the denial of a requested jury charge and the admissibility of an extraneous offense. We affirm.

Briefly, the evidence shows that the complainant and four of her girlfriends, all aged twelve and thirteen, were attending a cheerleading camp at the University of Houston during July, 1985. As the young girls were walking back to their dormitory from the cafeteria, they met appellant, who was in a wheelchair. They moved to the edge of the sidewalk so appellant could pass. They said "hi" to appellant; he slowed and said "hi" to them. They each noticed that he looked at them with a "funny glare". Appellant was dressed in shorts, and his penis was exposed through his pants leg. The next day they were in the cafeteria and saw the appellant seated at a table with two other people who were also confined to a wheel chair. Appellant went through the cafeteria line, came by the table occupied by the girls and again looked at them with a strange glare. He slowed down as he propelled himself by the table, and the girls saw that his penis was again exposed. Being fearful of appellant, they left the cafeteria and reported the incident. The manager of the cafeteria testified that when appellant, whom he knew, deposited his serving tray following the meal, appellant was not wearing any pants; all he was wearing was a shirt and shoes.

Appellant did not testify but called his wheelchair-bound lunch companions. One of them testified appellant had no sensation in the lower part of his body and, because of this, could accidentally expose himself without knowing it.

In his first point of error appellant contends the trial court erred in refusing to instruct the jury as to the voluntariness of appellant's conduct. Appellant requested that the jury be instructed that if the exposure did not voluntarily occur, the defendant should be acquitted. Appellant appears to assume, without citation to any authority, that the testimony of Peters (one of his paralyzed lunch companions) that appellant had no sensation in the lower part of his body and that "he could have accidentally spilled his genitals out and ... wouldn't have known it" was sufficient to raise the issue of voluntariness. We do not agree. Rather, we believe this speculative, conclusory testimony of Peters to be equivalent to the type of testimony which the court of criminal appeals held insufficient to raise the voluntariness issue in *Joiner v.*

*State,* 727 S.W.2d 534 (Tex.Crim.App.1987). There, as here, the appellant did not testify but relied upon the testimony of a bystander who stated that shortly after the shooting for which the appellant was charged, the appellant stated, "It was an accident." In the instant case when the witness was initially asked by appellant's counsel of the nature of appellant's disability, the prosecutor objected, and established the following on voir dire:

Q. When you say, you know, how do you know? Have you heard it from someone? Has John told you what the nature of his disability is?

A. No, it's obvious.

It is obvious the testimony is not even elevated to hearsay. We agree with the state that the testimony in this record is less substantial than that in *Joiner* and accordingly hold the issue of voluntariness was not raised. *See also George v. State,* 681 S.W.2d 43, 45 (Tex.Crim.App.1984). Appellant's first point of error is overruled.

In his second point of error appellant contends the court "erred in allowing the introduction of an extraneous offense into evidence." The testimony of which appellant complains was introduced by the state in rebuttal during the guilt/innocence phase of the trial. The witness Morgan testified that on March 30, 1986 (some three months previous to the charged offense) he observed appellant sitting alone in a parked automobile in front of his home watching a group of children, including two of his own, who were playing in a yard across the street from his home. He testified that he approached appellant's automobile and observed appellant fondling his exposed penis as he was observing the children. He further stated appellant was holding a mirror in his left hand in order to observe himself.

Appellant cites *Plante v. State,* 692 S.W. 2d 487 (Tex.Crim.App.1985), and argues that the two-part test governing the admissibility of extraneous offenses has not been satisfied. There the court stated that first, the extraneous offense must be relevant to a material issue in the case other than the accused's character and second, if relevant,

the evidence must possess probative value which outweighs its prejudicial effect. Appellant, then relying upon *Clark v. State,* 726 S.W.2d 120, 124 (Tex.Crim.App.1986) where the court stated that "relevancy has become largely an issue of similarity", completes his argument by pointing out dissimilarities between the charged offense and the extraneous one and concludes that "the prejudicial effect of the extraneous offense is so extreme, and the probative value so slight" that admission of the extraneous act was error. We do not agree.

First, it is noteworthy that the cases upon which appellant relies were tried prior to September 1, 1986, the effective date of the Texas Rules of Criminal Evidence. While the court of criminal appeals has alluded to the rules governing relevancy (Rule 401, et seq.) it has not had occasion to directly address how these new rules changed existing law because a case tried under the new rules has not yet reached that court.

Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 402 provides that all relevant evidence is admissible except as otherwise provided by constitution, statute or "these rules or by other rules prescribed pursuant to statutory authority." Rule 403 gives discretion to the trial court to exclude relevant evidence "if its probative value is *substantially* outweighed by the danger of unfair prejudice...." (emphasis added). Rule 404(b) provides that while evidence of other crimes or wrongs is not admissible to prove character in order to show that one acted in conformity therewith, it may be admissible to prove intent.

 Speaking of these provisions in his article on *Relevancy and Its Limits,* Dean Blakely stated:

If prior Texas law may properly be said to have allowed exclusion of evidence when a negative factor outweighed the probative value of the evidence, then rule 403 has changed Texas law by favoring

admissibility. Rule 403 gives discretion to the trial court to exclude evidence only if its probative value is *substantially* outweighed by a negative factor. (emphasis in original).

Blakely, *Article IV: Relevancy and Its Limits,* 20 Hous.L.Rev. 151, 172 (1983) (footnote omitted). Dean Blakely's statement is equivocal as to prior Texas law. Here, he was speaking of Rule 403's effect upon the determination of the admissibility of evidence in civil cases. However, it cannot be doubted that concerning criminal proceedings, his statement could have been made without any such equivocation. *See Plante,* 692 S.W.2d at 491; *Morgan v. State,* 692 S.W.2d 877, 879 (Tex.Crim.App. 1985); *Williams v. State,* 662 S.W.2d 344, 346 (Tex.Crim.App.1983); *Albrecht v. State,* 486 S.W.2d 97, 99 (Tex.Crim.App. 1972). Now that the federal rules, the Texas civil rules and the Texas criminal rules on relevancy are all identical, there should be no distinction made and all the courts' opinions should be in harmony.

■ In this case, it is clear to us that under Rule 401 there can be no dispute as to the relevance of the evidence that three months prior to the instant offense of indecent exposure to the five young children appellant was observed fondling his exposed penis while sitting in his automobile watching a group of other young children playing. The indictment charging the instant offense alleged, and it was essential for the state to prove, that appellant's intent in so exposing himself was *with intent to arouse or gratify his or another's sexual desire.* Tex.Penal Code Ann. § 21.11(a)(2) (Vernon Supp.1987). Whether the testimony of his companion that appellant had no feeling or sensation in the lower part of his body was entitled to any weight by the fact finder is immaterial. The testimony from each of the five young children to whom appellant exposed himself on the two occasions in question showed that appellant never touched his genitals on either occasion nor did he commit any other overt act which could be evidence of his criminal intent. Clearly, the fact that just a short time before he was observed fondling his private parts as he watched other children was evidence that had a tendency to make the existence of his intent on the occasion (a determination of the action) more probable than it would have been without the evidence. This evidence was relevant by the express provisions of Rule 401. We therefore hold that under Rules 401 and 404(b) the evidence was clearly relevant and admissible as to appellant's intent.

After determining the relevance of an extraneous offense, a court must then also apply Rule 403 to assure its admissibility. As pointed out above, the Texas Rules of Civil Evidence and the Texas Rules of Criminal Evidence are patterned after and, on the subject of relevancy and admissibility of extraneous offenses, are identical in all material respects to the Federal Rules of Evidence. While we recognize Texas courts are not bound by lower federal court decisions, in order to advance the harmony in judicial construction of the rules of evidence, greater than usual deference should be given to the construction of the federal rules by the federal courts. *See Cole v. State,* 735 S.W.2d 686, 690 (Tex.App.—Amarillo 1987, no pet.). When faced with the problem of the balancing between probative value and unfair prejudice, as called for by the then newly enacted federal rules, the fifth circuit, sitting *en banc,* overruled the panel opinion which had held that the rule on the admissibility of evidence of extraneous offenses as announced in *United States v. Broadway,* 477 F.2d 991 (5th Cir.1973), had "survived intact the enactment of the rules." *United States v. Beechum,* 582 F.2d 898, 903 (5th Cir.1978). The following reasoning of that court is appropriate to the issue before us:

> [T]he central concern of rule 403 is whether the probative value of the evidence sought to be introduced is "substantially outweighed by the danger of unfair prejudice." *Broadway* would reverse this standard by requiring a high degree of similarity between the extrinsic and charged offenses and a stringent standard of proof. In effect, the case attempts to establish a threshold requirement that the evidence possess great pro-

bative value before it can be admitted. This requirement not only contravenes rule 403 but also fails to meet its own declared ends.

\* \* \* \* \* \*

The task for the court in its ascertainment of probative value and unfair prejudice under rule 403 calls for a common-sense assessment of all the circumstances surrounding the extrinsic offense. As the Advisory Committee Notes to rule 404(b) state: "No mechanical solution is offered. The determination must be made whether the danger of undue prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and other facts appropriate for making decision of this kind under Rule 403."

Probity in this context is not an absolute; its value must be determined with regard to the extent to which the defendant's unlawful intent is established by other evidence, stipulation, or inference. It is the incremental probity of the evidence that is to be balanced against its potential for undue prejudice.

\* \* \* \* \* \*

In measuring the probative value of the evidence, the judge should consider the overall similarity of the extrinsic and charged offenses. If they are dissimilar except for the common element of intent, the extrinsic offense may have little probative value to counterbalance the inherent prejudice of this type of evidence. Of course, equivalence of the elements of the charged and extrinsic offenses is not required. But the probative value of the extrinsic offense correlates positively with its likeness to the offense charged. Whether the extrinsic offense is sufficiently similar in its physical elements so that its probative value is not substantially outweighed by its undue prejudice is a matter within the sound discretion of the trial judge. The judge should also consider how much time separates the extrinsic and charged offenses: temporal remoteness depreciates the probity of the extrinsic offense.

*Beechum,* 582 F.2d at 913–15 (citations and footnotes omitted).

Again, an interpretation of the role of the appellate court in passing upon whether the trial court erred in making a Rule 403 determination is most appropriately stated by the third circuit in *United States v. Long,* 574 F.2d 761 (3d Cir.1978):

If judicial self-restraint is ever desirable, it is when a Rule 403 analysis of a trial court is reviewed by an appellate tribunal.

\* \* \* \* \* \*

In view of ... the use of "may" in the final version of Rule 403, it is manifest that the draftsmen intended that the trial judge be given a very substantial discretion in "balancing" probative value on the one hand and "unfair prejudice" on the other, and that he should not be reversed simply because an appellate court believes that it would have decided the matter otherwise because of a differing view of the highly subjective factors of (a) the probative value, or (b) the prejudice presented by the evidence. This inference is strengthened by the fact that the Rule does not establish a mere imbalance as the standard, but rather requires that evidence "may" be barred only if its probative value is "substantially outweighed" by prejudice. The trial judge, not the appellate judge, is in the best position to assess the extent of the prejudice caused a party by a piece of evidence. The appellate judge works with a cold record, whereas the trial judge is there in the courtroom. A reversal based upon appellate disagreement with the trial judge's balancing under Rule 403 necessarily must be founded upon highly subjective reasons, which, experience teaches us, are not always readily recognizable or definable.

*Long,* 574 F.2d at 767.

In the instant case, the state was unable to present any evidence of appellant's unlawful intent on either of the two occasions when he exposed himself. To supply this intent and to combat the testimony of his friend that he had no sensation

**420**

in the lower part of his body, the evidence that shortly before he was observed playing with his penis as he watched young children playing was most probative. *See Robinson v. State*, 701 S.W.2d 895, 898–99 (Tex.Crim.App.1985). The trial judge determined in accordance with Rule 403 that the probative value of this intent evidence was not substantially outweighed by the danger of unfair prejudice.

We hold this abuse of discretion standard is the proper test to apply in reviewing the trial court decision under Rule 403. *Cf. Cantrell v. State*, 731 S.W. 2d 84, 90 (Tex.Crim.App.1987); *Templin v. State*, 711 S.W.2d 30, 33 (Tex.Crim.App. 1986). When viewed under this standard, we hold the trial court did not abuse his discretion in finding the evidence admissible, and accordingly overrule appellant's second point of error. We point out, however, that the prosecutor offered, and the trial court admitted at the guilt/innocence phase of the trial, evidence that appellant had previously been convicted of indecency with a child. What we have stated above is not to be understood as holding such evidence to be admissible. However, appellant makes no complaint on appeal concerning this evidence.

The judgment is affirmed.