**Ricky Renard PLEASANT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–87–00550–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

July 7, 1988.

Robert S. Sobel, Houston, for appellant.

John B. Holmes, Jr., Roe Morris, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

ROBERTSON, Justice.

The jury rejected appellant's not guilty plea to aggravated robbery, found he had been twice previously convicted of a felony and assessed punishment at confinement for seventy-five years. Issues on appeal concern the admissibility of evidence of another aggravated robbery and the sufficiency of the evidence to sustain the finding that a deadly weapon was used. We affirm.

On the morning of July 1, 1986, the complainant, a female courier, had just parked her truck at an office building on South Shepherd and out of the downtown area when appellant walked up, carrying some type of large envelope and told her "Get out or I'm going to use this" as he looked down at the opened 2 or 3 inch bladed knife he held in his hand. Being fearful of what appellant would do she backed up a few feet and watched as appellant drove off in her truck. Some seven or eight days later the vehicle was recovered and inside was

an envelope containing a resume in the name of Jarvis Lynn Pleasant. The investigating officer determined this was an alias of appellant, and, after appellant's photograph was identified by the complainant, he was arrested.

Jarvis Lynn Pleasant was actually the brother of appellant and was described by appellant's mother as being similar in size and description to appellant. Appellant's alibi witness, Cindy Brooks, testified appellant could not have been the person who committed the offense because appellant was with her throughout the day the offense was committed. Although the evidence showed appellant's brother Jarvis had moved to and was in California at the time of trial, there was uncertainty as to the exact time he moved there. Throughout cross-examination of the state's witnesses and by his own witness appellant sought to place the responsibility for the robbery on his brother.

In rebuttal the prosecutor called the witness Gilbert. This witness testified that on July 8, 1986, just as she entered her automobile on the parking lot at St. Joseph's Hospital, also just out of the downtown area, appellant approached her and, brandishing a knife with a blade two or three inches in length, "snatched me out of the car, and then when I took off to run, he begin [sic] to try to back over me with the car."

In his first point of error appellant contends the trial court erred in admitting evidence of the Gilbert robbery because of its prejudicial nature. In points of error two and three he contends the admission of such evidence violated his rights under the federal and state constitutions. However, we need not address these two points because his objection in the trial court was not made on either basis. *Euziere v. State*, 648 S.W.2d 700, 703 (Tex.Crim.App. 1983). Appellant argues in the first point that the admission of the evidence of the extraneous robbery violated TEX.R.CRIM. EVID. 404(b). We do not agree. Rule 404(b) provides that other crimes may be admissible for the purpose of proving, among other things, identity. We recently

discussed in some depth the admissibility of extraneous offenses under the new rules of criminal evidence in *Rodda v. State,* 745 S.W.2d 415 (Tex.App.—Houston [14th Dist.] 1988, pet. filed). While the issue there was whether the extraneous offense was admissible for the purpose of showing intent, the rules governing the admissibility of the evidence are the same.

■ In *Rodda,* we noted that a determination of the relevance of an extraneous offense is the first step to be taken in determining the admissibility of the offense under the Texas Rules of Criminal Evidence. *Rodda,* 745 S.W.2d at 417–18. Here, the evidence of the admitted extraneous offense was clearly relevant in that it had the tendency to make it more probable than not that appellant was the individual who committed the crime for which he was convicted. *See* Tex.R.Crim.Evid. 401, 404(b). Appellant also put identity in issue by presenting an alibi witness and by cross-examining the complaining witness concerning the identification of appellant. *See Moore v. State,* 700 S.W.2d 193, 201 (Tex. Crim.App.1985); *Siqueiros v. State,* 685 S.W.2d 68, 71 (Tex.Crim.App.1985).

We continued our analysis in *Rodda* by noting:

> After determining the relevance of an extraneous offense, a court must then also apply Rule 403 to assure its admissibility. [T]he Texas Rules of Civil Evidence and the Texas Rules of Criminal Evidence are patterned after and, on the subject of relevancy and admissibility of extraneous offenses, are identical in all material respects to the Federal Rules of Evidence. While we recognize Texas courts are not bound by lower federal court decisions, in order to advance the harmony in judicial construction of the rules of evidence, greater than usual deference should be given to the construction of the federal rules by the federal courts.

*Rodda,* 745 S.W.2d at 418. In considering federal court interpretation of the federal rules, we held that great deference should be given to the trial judge's discretion in determining the admissibility of extraneous offenses. *See also Cole v. State,* 735 S.W. 2d 686, 690 (Tex.App.—Amarillo 1987, no pet.). Here, the trial judge was well within his discretion in determining that the probative value of the extraneous offense was not substantially outweighed by any danger of unfair prejudice. As noted above, throughout the trial, appellant sought to place the responsibility for the robbery on his brother. The identity of the perpetrator of the offense had definitely been put in issue. The state was therefore justified in introducing evidence of a similar offense committed by appellant just seven days after the offense for which he was charged. The evidence of the extraneous offense was clearly admissible under Tex. R.Crim.Evid. 403. *Cf. Colley v. Summer,* 784 F.2d 984 (9th Cir.1986); *Shriner v. Wainwright,* 715 F.2d 1452 (11th Cir.1983).

■ Appellant also contends "the introduction of extraneous evidence in this case came as a surprise and provided appellant no advance notice or reasonable opportunity to rebut it with defensive testimony." We do not believe the record supports his contention. Some five months prior to trial appellant filed a motion requesting the court to instruct the prosecutor, prior to his mentioning any extraneous offenses in the presence of the jury, to approach the bench and obtain a ruling from the court on the admissibility thereof. The record shows the court granted the motion and it further shows that in accordance with appellant's request and the court's order, the prosecutor approached the bench and secured an order from the court that the evidence was admissible prior to developing evidence thereon in the presence of the jury. Appellant's complaint is without merit. His first three points of error are overruled.

■ In his fourth point of error appellant contends the evidence is insufficient to support the jury's finding that the knife used by appellant was a deadly weapon. The indictment alleged the knife exhibited or used was a deadly weapon, and the trial court submitted a special issue to the jury for them to determine whether the knife was a deadly weapon. In connection with the special issue, the trial court defined a

deadly weapon as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." It is well-settled that when passing upon the sufficiency of the evidence, we must view the evidence in the light most favorable to the jury finding. *Brown v. State,* 716 S.W.2d 939, 947 (Tex.Crim.App. 1986). The complainant testified the blade of the knife was two or three inches long and had a point on it. Police officer Mason testified that during his six and a half years as a police officer he had investigated many cases involving injuries inflicted with a pocket knife with a 2 or 3 inch blade and that such a knife was capable of inflicting death or serious bodily injury. In fact, he testified a pocket knife with a one inch blade had killed a Houston police officer. The evidence is sufficient to sustain the jury finding of a deadly weapon. *See Hicks v. State,* 723 S.W.2d 238 (Tex.App.—Houston [1st Dist.] 1986, no pet.); *Swartz v. State,* 685 S.W.2d 492 (Tex.App.—Fort Worth 1985, pet. ref'd). Appellant's fourth point of error is overruled.

The judgment is affirmed.