**Affirmed and Memorandum Opinion filed August 28, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00628-CR

---

### DEIGO ROJAS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 1391739**

---

## M E M O R A N D U M   O P I N I O N

Today we decide whether a pocket knife used in a robbery can be a deadly weapon. Appellant Deigo Rojas challenges the legal sufficiency of the evidence to support his aggravated robbery conviction, contending that the pocket knife was not a deadly weapon. We affirm.

## *Background*

A woman was exiting a small bathroom stall at a flea market when she was approached by appellant. Appellant held a pocket knife to her shirt underneath her ribcage and told her to throw herself to the ground. Instead, she backed into the stall where appellant held her captive for an undetermined amount of time. Appellant asked the woman if she had any money. After she responded "no," appellant searched her with one hand while continuously pressing the knife to her chest. He found three cell phones and took them. He then told her that he was going to sexually abuse her and pulled down his pants with his free hand.[1]

The woman heard the doorknob on the bathroom door turning and screamed. A woman outside of the bathroom then yelled, "somebody sexually abusing the lady," and appellant pulled up his pants. One of the flea market vendors heard the commotion, opened the bathroom door and the bathroom stall door, and heard the woman crying. The vendor could see that appellant had a knife and the woman "was terrified." The vendor stood between the bathroom and the bathroom stall doors, holding them open in a way that he could shield himself from appellant. The vendor called 911 and, for approximately 20 minutes, talked to appellant to try to calm him down while waiting for the police to arrive. At some point during the confrontation, the vendor talked appellant into letting the woman go. She was able to move to another part of the bathroom, and the vendor kept appellant cornered until officers arrived.

When officers arrived, appellant dropped the knife and surrendered a cell phone that he admitted belonged to the woman. Appellant volunteered the

---

[1] Appellant denies making this statement and pulling down his pants. It is unclear whether the woman told the police about it. However, as set forth below, appellant volunteered to an officer that he did not rape her because she refused to take off her pants.

2

following statements to one of the officers, "I didn't rape her because she wouldn't let me take her pants off" and "I didn't steal her cell phones. I held them [so] she wouldn't call the police."[2]

Appellant was charged with aggravated robbery. The jury found him guilty and assessed punishment at seven years' imprisonment.

## *Discussion*

In his sole issue, appellant challenges the legal sufficiency of the evidence to support the jury's finding that the pocket knife appellant wielded was a deadly weapon. When reviewing the legal sufficiency of the evidence, we examine all of the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). Although we consider everything presented at trial, we do not reevaluate the weight and credibility of the evidence or substitute our judgment for that of the factfinder. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Because the jury is the sole judge of the credibility of witnesses and of the weight given to their testimony, any conflicts or inconsistencies in the evidence are resolved in favor of the verdict. *See Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). Our review includes both properly and improperly admitted evidence. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We also consider both direct and circumstantial evidence, as well as any reasonable inferences that may be drawn from the evidence. *Id.*

---

[2] One of the cell phones was in appellant's pocket. The other two phones were not in appellant's possession when the officer arrived, but the complainant testified that appellant had taken them all from her, which is consistent with appellant's statement. Apparently, at least one of the phones had been on the bathroom floor and the vendor picked it up.

As relevant here, a person commits the felony offense of aggravated robbery when, in the course of committing theft, with intent to obtain and maintain control of property, he knowingly or intentionally threatens or places another in fear of imminent bodily injury or death and uses or exhibits a deadly weapon in the commission of the offense. Tex. Penal Code §§ 29.02(a)(2), 29.03(a)(2). A deadly weapon is anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. *Id.* § 1.07(a)(17)(B). Appellant disputes only the jury's finding that the pocket knife was a deadly weapon.

Although a knife is not considered a deadly weapon per se, the State can prove a knife is a deadly weapon by presenting evidence such as the manner of its use or intended use and its capacity to cause death or serious bodily injury. *Blain v. State*, 647 S.W.2d 293, 294 (Tex. Crim. App. 1983). Relevant factors also include threats made by the accused, the physical proximity of the accused and the victim, and the complainant's fear of serious bodily injury or death. *Victor v. State*, 874 S.W.2d 748, 751 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd).

The woman testified that appellant pressed the knife against her shirt under her ribcage during the entire confrontation. Appellant was very close to her in the small bathroom stall. She said she was afraid because "appellant was threatening [her] with a knife"; although appellant did not put pressure on the knife; she was afraid he would; she was "[v]ery scared" and "crying"; and she asked him "not to hurt her." She thought he might kill or harm her with the knife.

When the vendor went into the bathroom, he heard the woman crying "like she[ was] terrified" and saw her shaking, and saw that appellant "had a knife in his hand" pointed at the woman. The vendor testified that appellant kept the knife in his hand with the blade out during the entire confrontation and appellant "was threatening [the woman] because he had the knife pointed at her," which action

4

was "very aggressive." From the vendor's perspective, the knife was "inches" from the woman. According to the vendor, appellant eventually stopped pointing the knife at the woman; only then was the vendor able to get the woman away from appellant.

The officer testified that appellant dropped a "folding knife" when confronted. The State introduced the knife at trial, and the officer demonstrated how to hold the knife with the blade open. Thus, the jury was able to examine the knife and make its own determination as to the knife's capacity to cause injury or death.

Viewing all of the evidence in the light most favorable to the verdict, we conclude the jury could have found beyond a reasonable doubt that the pocket knife appellant wielded during the commission of the offense was a deadly weapon. *See, e.g., Barnett v. State*, 344 S.W.3d 6, 12-13 (Tex. App.—Texarkana 2011, pet. ref'd) (holding evidence was legally sufficient to support deadly weapon finding when defendant placed pocket knife blade on complainant's lower ribs and threatened to "cut" and "kill" him); *Pleasant v. State*, 755 S.W.2d 204, 207 (Tex. App.—Houston [14th Dist.] 1988, no pet.) (concluding evidence was legally sufficient to support deadly weapon finding when "the blade of the pocket knife was two or three inches long and had a point on it").


/s/        Martha Hill Jamison
Justice

Panel consists of Justices Christopher, Jamison, and McCally.

Do Not Publish — TEX. R. APP. P. 47.2(b).

5