*1604.14*

ORIGINAL

NO. 09-14-00089-CR

In the

COURT OF CRIMINAL APPEALS OF TEXAS

for the

THE STATE OF TEXAS

at

AUSTIN , TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 30 2015

Abel Acosta, Clerk

JOSHUA GLAZE

vs.

THE STATE OF TEXAS

FILED IN
COURT OF CRIMINAL APPEALS

JAN 3 0 2015

Abel Acosta, Clerk

---

**Appellant's Brief for Discretionary Review**

---

<u>**ORAL ARGUMENT REQUESTED**</u>

JOSHUA GLAZE
CONNALLY UNIT
TEXAS DEPT. OF CRIMINAL JUSTICE
899 F.M. 632
KENEDY, TEXAS 78119

**APPELLANT FILING PRO-SE**

## IDENTITY of PARTIES and COUNSEL

**Appellant:**

JOSHUA GLAZE

**Appellee:**

THE STATE OF TEXAS

**Counsel for Appellant:**

JOSHUA GLAZE
CONNALLY UNIT
TDCJ
899 F.M. 632
Kenedy, Tx. 78119

APPELLANT IS FILING **PRO-SE**

**Counsel for Appellee:**

Sue Korioth, P.C. ( Special Proseccutor Assisting the Hardin County)
Sate Bar No. 116975
P.O. box 600103
Dallas, Tx. 75360

C/O David Sheffield
District Attorney Hardin County
P.O. Box 1409
Kountze, Tx. 77625

**ATTORNEY FOR APPELLEE**

# TABLE OF CONTENTS

IDENTITY of PARTIES and COUNSEL 2

TABLE of CONTENTS 3

INDEX of AUTHORITIES 4

STATEMENT REGARGING ORAL ARGUMENT 5

STATEMENT of the CASE 5

ARGUMENT 7

POINT ONE 7

> The trail court abused its discretion by not admitting the **ENTIRE** Coroner's report into evidence because the State failed to state any relevant basis for it's "more prejudical than probative" objection.

PRAYER 13

CERTIFICATE OF UNSWORN DECLARATION 14

COURT OF APPEALS RULING 15

# INDEX OF AUTHORITIES

**STATE CASES:**

Crank v. State, 761 S.W.2d 328, 342 n. 5(Tex. Crim.App.1988)  9

Green v. State, 840 S.W.2d 394,410(Tex.Crim.App.1992)  9

Joiner v. State, 825 S.W.2d 701,708(Tex. Crim.App1992)  9

McFarland v. State, 845 S.W. 2d 824,837(Tex.Crim.App1991),
cert. denied,508 U.S. 963,113 S.Ct.2937,124 L.Ed.2d686(1993)  9

Montgomery v. State, 810 S.W.2d 841,846 n.6(Tex.Crim.App1999)  8-10
(op. on reh'g)

Mozon v. State, 991 S.W.2d 841,846 n.6(Tex.Crim.App.1999)  8-9

Rodda v. State, 745 S.W.2d 415,417-18,(Tex.App.-Houston[14th  9
Dist.]1988, pet. ref'd)

Federal Cases:

United States v. Figueroa, 618 F.2d 934,943 (2d Cir.1980)  9

United States v. Jamil, 707 F.2d 638, 644-645 (2d Cir.1983)  8

FEDERAL STATUTES and RULES:

Fed.R.Evid. 403  9

In the

COURT OF CRIMINAL APPEALS

for the

THE STATE OF TEXAS

at

AUSTIN , TEXAS

JOSHUA GLAZE

vs.

THE STATE OF TEXAS

## Appellant's Brief for Discretionary Review

TO THE HONORABLE the JUSTICE of the STATE OF TEXAS COURT OF CRIMINAL APPEALS:

COMES NOW Appellant, JOSHUA GLAZE, and files this Discretionary Review and, in support thereof, this

Appellant Brief.

### STATEMENT REGARDING ORAL ARGUEMENT

Oral argument will not aid the Court's decision process in this appeal.

### STATEMENT of the CASE

For ease of reference, the following facts can be found generally in the Court Reporter's transcript Volume 4, Page 11, Line 14 through Page 17, LIne 19.

On or about November 14, 2012 the Defendant, Joshua Glaze, and his cousin, Curtis Glaze, started to follow a truck unfamiliar to them, a white Chevrolet Silverado, on their property at the end of Glaze Road. Joshua Glaze was the driver and Curtis was the front seat passenger of their white Dodge Durango. There were two other passengers in the back seats of their vehicle, Mallory Wood and Colton, Curtis's 3 year old son.

When the occupants of the Durango attempted to stop the occupants of the Silverado, the Silverado sped away. The silverado accelerated away and attempted to evade the Appellant and Co- Defendant. A chase ensued where speeds reached between 60 mph and 80mph. At some point in the chase Curtis used a rifle to shoot in the direction of the Chevrolet Silverado. It is unclear how many shots were fired and how quickly this action occurred. At some point, the Silverado veered off the road, drove through a fence and stopped in a field. Two occupants in the Chevrolet Silverado, Horace Theal and Briana Herring, left the vehicle and ran into the field/woods. The driver/decedent of the Silverado, Brian Drake Jr., had been hit by one of the shots and remained dead in the vehicle. The passenger called 911 on a cell phone and reported the incident to the authorities. Allegedly, a vehicle resembling the white Durango returned and the passengers of that vehicle called out to the Silverado's passengers in the field/woods.

A police investigation recovered two shell casing of the same caliber as the Co-Defendant's rifle at two location along the chase path. The Appellant and Co-Defendant, Curtis Glaze and Joshua Glaze, were taken into custody and questioned by author ities. Additionally, conversations between the appellant and others were recorded by the Hardin County County Jail.

The appellant was tried by a jury for Murder and found guilty.

This Appeal results.

## ARGUMENT

### POINT ONE

The trail court abused its discretion by not admitting the ENTIRE coroners report into evidence because the State failed to state any relevant basis for its "more prejudical than probative" objection.

The appellant attempted to admit into evidence the entirety of the Coroner's report, which contained chemical testing of the Decendents blood. (RR, Vol. 4, Page 142, Line 19-20) This testing based on quantity in the blood, indicated that the Decedent had ingested marijuana within the last few hours before his death. (RR, Vol 4, Page 144, Line 2-5) The State objected to this portionof the Coroner report as be none relevant and "more prejudical than probative."(RR, Vol 4,Page 142, Line 21-25 and Page 145, Line 6-8) However, the State did not explain how this report prejudiced the State's case to the extent that it negated any probative value of the evidence contained in the report.

The State's objections were:

> "Your Honor, we don't have an objctionto the first four pages of the report as being relevant to the autopsy. We object to the last three pages as not relevant to the cause of death of the autopsy or who the shooter was or anything like that"(RR, VOL 4, Page 142, Line 21-25);

> "...it [the toxicology portion of the Coroner's report] clouds the issue unless the issue is that he died from something other than a gunshot wound..." (RR, Vol 4, Page 144, Line 13-14);

> "We are objecting under 403 that the last three pages are more prejudicaial than probative to anything in the case."(RR, Vol 4, Page145,Line 6-8);

and

"And even if relevant, then it's more probative
of something for the finder than prejudical"<It
is assumed from context that the State transposed
the words probative and prejudical in this state-
ment otherwise they argued the Appelant's point>
(RR, Vol. 4, Page 145, Line 22-24)

The above statements consist of the sum total of relevant

explanation by the State of why the toxicology report is "more

prejudical than probative." The State argued that the tocicology

report should be severed from the submitted Coroner's report

and shown to the jury with the rest of that report.

" It must be remembered, however, that virtually all evidence

proffered by a party to a lawsuit will be prejudical to the opp-

osing party." See **Montgomry v. State**, 810 S.W.2d 372,378(Tex.

Crim.App.1991)(op.on. reh'g)"In **United States v. Figueroa**, 618

F.2d 934,943(2d Cir.1980) the court explained:

"All Evidence introduced against a defendant,
if material to an issue in the case, tends to prove
guilt, but it is not necessarily prejudical in any
sense that matters to the rules of evidence....Evidence
is prejudical only when it tends to have some adverse
effect upon a defendant beyond tending to prove the
fact or issue that justified its admission into evidence
.... The prejudical effect may be created by the ten-
dency of the evidence to prove some adverse fact not
properly in issue or unfairly to excite emotions against
the defendant.....Whenmaterial evidence has an additional
prejudical effect, Rule 403 requires the trail court
to make a conscientious assessment of whether the
probative value of the evidence on a disputed issue
in the case is substantially outweighed by the pre-
judical tendency of the evidence to have some other
adverse effect upon the defendant."See **United States
v. Figueroa**, 618 F.2d 934,943(2dCir.1980)

The Tex. Rule of Evidence107(Rule of Optional Completness)

may be modified by Tex. Rule of Evidence 403(Exclusion of Relevant

Evidence on Special Grounds).In **Mozon v. State**, 991 S.W.2d 841,

846 n.6(Tex.Crim.App.1999),the Court refers to a balancing test

which the Court **must** Apply if a TRE 403 objection is made to the

addmission of evidence.

"The trail Court need not engage in [a] balancing
test unless the opponent of the evidence further
objects based upon Rule 403, that the probative
value of the evidence is substanially outweighted
by the danger of unfair prejudice, confusion
of the issues, or needless presentation of cum-
ulative evidence. Once Rule 403objection is raised
, however, the trail Court has no discretion as
to whether or not to engage in the balancing
process." See **Id at 846**.

"A discussionof the evidence's prejudice is necessary
because Rule403 creates a presumption of admiss-
ibility of all relevant evidence and authorizes
a trial judge to exclude such evidence only when
there is "clear disparity between the degree of
prejudice of the offered evidence and its probative
value.") See **Id at848; Joiner v. State**, 825 S.W.2d
824, 837(Tex.Crim.App1992),cert. denied,508 U.S.963,
113,S.Ct.2937,124 L.Ed.2d 686(1993);**Green v. State**,
840 S.W.2d 394, 410 (Tex.Crim.App.1992)

The State wholly failed to make any relevant arguments in
support of this balancing test,

(see above arguments by state's attorney).

"The only proper basis for the trail court to
exclude the evidence in this case is that provided
in the only proper basis for an appellate court
to reverse a trail court's decision is when the
record demonstrates that the trail court has abused
its discretion." See **Montgomery v. State**, 810
S.W.2d 372,383(Tex.Crim.App.1991)(op.on reh'g);

"...there has been a alteration in focus; now
it is the opponet's burden to not only demonstrate
the proffered evidence's negative attributes but
to show also that these negatives attributes"sub-
stantially outweigh"any probative value.**Crank
v. State**, 761 S.W.2d 328,342 n.5(Tex.Crim.App.1988);
**Rodda v. State**, 745 S.W.2d 415-18(Tex.App.-Houston
[14thDist.] 1988,pet.ref'd);

and

"As such,only "unfair"prejudice provides the basis
for exclusion of relevant evidence. See **United States
v. Jamil**, 707 F.2d 638, 644-45(2nd Cir.1983)("pre-
judice" does not constitute showing of "unfair"
prejudice). See also Advisory Committee's note
to **Fed.REvid.403**("Unfair" prejudice means an
"undue tendency to suggest decision on an improper
basis,commonly,though not necessarily, an emotional
one")See **Montgomery v. State**, 810 S.W 2d 372,378
(Tex.Crim.App.1991)(op.on reh'g)

Absent any specific arguments by the State conforming to balancing test in **Mozan**, it is impossible to determine exactly what evidence, if any, the Judge used in arriving at his decision under the balancing test. THE State's generalized its " more prejudical than probative" objection alone is insufficient to support the evidentiary requirements of the mandatory balancing test required by these cases.

The job of an attorney, in any case, is to tell a story to the trier of fact and attempt to explain the actions of the participants of that story using known facts. The State objects to the use of the toxicology report because it has no direct bearing on the cause of death of the Decedent. However, the State neglects to also point out that there are other factors relevant to the Appellant's defense, such as credibility of the witnesses the motives of the parties involved and the actions of the parties if their capacity was diminished at the time of the crime. Having the toxicology report in evidence would have allowed the Appellant's attorney to inquire into the drug use of the Decedent and some of the state witnesses. It is relevant credibility evidence for cross examination of some of the State's witnesses(i.e. the Decedent's Companions).(RR, Vol.4,Page 143,Line 21 through Page 144,Line 10)

The complained of toxicology report was prepared by a State employee at the behest of the State in preparation for this trail. (RR,Vol. 4,Page 135, Line 10 through Page136, Line 22) It is not an addendum but PART of the Coroner's report.(RR,VOL. 4,Page 145,Line11-17) Additionally, it indicatedthat the Decendent used illegal drugs within hours of his death at a time when he was in the company of some of the State's witnesses. The complained

of portion of the Coroner's report was not some outside evidence or other related writing; it was PART of the report submitted by the examining physician. The balancing test should always be more intensively weighed against a party trying to exclude **parts** of a document prepared by one of their agents(i.e. the Coroner is employed by the State). The balancing testshould always be more intensively weighed against redacting sections of admissible documents as opposed to keeping out related separate documents. If information was contained in a report then the information was considered sufficiently important to the preparer to include the information rather than omit it.

The Appellant's attorney argued that the report would go to the credibility of the State's witnesses,Briana Herring's testimony, as follows (RR,Vol. 4,Page 146,Line 16 through Page 147,Line 5) :

> "**Mr.Hoffer (state):** What difference is it whether somebody else smoked[illegal drugs]
>
> **Mr.Crocker (defense):** It's her preception, your honor. Ican ask her then,"Well were you smoking with him and were you out in the woods they are calling your name when, in fact, they were not?"
>
> **Mr.Sheffield (state):** I think Briana takes the stand, any question he has, you know, can be fair game;but this has no relevance to what his client did not do and to the cause of death.
>
> **Mr.Crocker (defense):** Your Honor, if I'm A witness to a cause and I'm inebriated through whatever source,alcohol or otherwise,I have the right---I anticipate I'm going to be questioned about that, if there is scientific evidence."

The State virtually acknowledges the relevance of their witness's knowledge of the Decedent's us eof illegal drugs just prior to his demise. For a State Prosecutor to argue that the

commission of a crime(i.e. "What difference is it whether somebody else smoked [illegal drugs]?")by a witness, in relation to her preceptions, has no bearing on her credibility is patently ridiculous.

Briana Herring did not testify but Horace Theal did and was present with both Briana and the Decendent during the hours preceding the incident(RR,Vol. 5, Page7,Line 11 through Page 33,Line 14) This same credibility evidence could also have been used in the cross-examination of Horace Theal.

Even if the witness did not use illegal drugs, he would have been aware that the Decendant used shortly before his demise. The witness did not disclose that the fact to law enforcement, which creates questions about his credibility.If he failed to disclose criminal acts by the Decendent and possibly his companions, what else might he be concealing about that night.

Additiionally, it creates questions about the State's evidence collected in this case, rather the **LACK** of evidence. For instance no mention is made in the State's reports of the "smell" of marijuana, and no evidence is collected as to the presence of marijuana use(i.e containers, paraphernalia, etc.) All this creates a question of whether the passengers in the Silverado "sanitized" some of the evidence in the vehicle when they removed the Decedent's cell phone to call the police on, before the police officers arrived on the scene. This would all go to witness credibility and possible exculpatory evidence destruction/removal by those witnesses.

One of the Appellant's primary arguements was that the shooting portion of the chase happened so quickly that the driver,Joshua Glaze, was unable to stop the shooter, Curtis Glaze.(RR,Vol.

4,Page 201, Line 11 through 202, Line 24) Some of this argument was based on the perception of one of the passengers of the Silverado, Horace Theal. (RR,Vol. 5, Page 27, Line 14 through Page 29, Line 5) If the State's witness was intoxicated, then his time perception may have affected by the ingestion of mind altering substances.

In conclusion, the States and the Court failed to addresss how the evidence was more prejudicial, much less why it was so prejudicial that it had to be excluded under Tex. Rules of Evidence 403 (Exclusion of Relevant Evidence on Special Grounds).

## PRAYER

For the foregoing reasons, Appellant prays that this Court vacate the current judgement and dismiss this case. Or in the alternative, dismiss the current judgement and send this case back to the trail Court with instructions to retry this case pursuant this Court's instructions. The Appellant also prays for any and all other relief that this Honorable Court deems necessary to a fair and final determination in this case.

Respectfully Submitted,

Joshua Glaze
899 FM 632
Kenedy,Texas 78119

## UNSWORN DECLARATION

I, Joshua Glaze, do hereby Certify and Declare that all statements her, are true and correct to my belief and knowledge. I am of sound mind and under no duress nor impediment to make such, this Declartion is made voluntarilly.

I am incarcerated at the Texas Department of Criminal Justice and am at the Connally Unit in Kenedy Texas.

Executed on this day the 20 of January 2015.

*Joshua Glaze* 01-20-15

Joshua Glaze
D./O.B. 05/19/1986

# IN THE NINTH COURT OF APPEALS

## 09-14-00089-CR

Joshua Glaze

v.

The State of Texas

On Appeal from the
356th District Court of Hardin County, Texas
Trial Cause No. 22030

## JUDGMENT

THE NINTH COURT OF APPEALS, having considered this cause on appeal, concludes that the judgment of the trial court should be affirmed. IT IS THEREFORE ORDERED, in accordance with the Court's opinion, that the judgment of the trial court is affirmed.

Opinion of the Court delivered by Chief Justice Steve McKeithen

November 19, 2014

### AFFIRMED

\*\*\*\*\*\*\*\*\*\*

Copies of this judgment and the Court's opinion are certified for observance.

Carol Anne Harley
Clerk of the Court

In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00089-CR
_____

JOSHUA GLAZE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 356th District Court
Hardin County, Texas
Trial Cause No. 22030

**MEMORANDUM OPINION**

A jury convicted Joshua Glaze of murder and sentenced Glaze to life in prison. In one appellate issue, Glaze challenges the trial court's refusal to admit a toxicology report into evidence at trial. We affirm the trial court's judgment.

"A trial court has broad discretion in determining the admissibility of the evidence[.]" *Allridge v. State*, 850 S.W.2d 471, 492 (Tex. Crim. App. 1991). We review a trial court's evidentiary rulings for abuse of discretion. *Oprean v. State*, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006). "Error may not be predicated upon a

1

ruling which admits or excludes evidence unless a substantial right of the party is affected[.]" Tex. R. Evid. 103(a); *see* Tex. R. App. P. 44.2(b).

The medical examiner testified that the victim died of a gunshot wound to the back of the neck. On cross-examination, Glaze sought to admit a toxicology report into evidence. The State argued that the report was irrelevant to the victim's cause of death or to who shot the victim and was more prejudicial than probative. Glaze argued that the report showed that the victim ingested marihuana before the murder and was, thus, relevant to the surviving witnesses' veracity regarding the details surrounding the murder. The trial court excluded the report. During a subsequent bill of exception, Glaze re-urged his contention that the report called the surviving witnesses' veracity into question. The trial court found that any probative value of the evidence was outweighed by the danger of unfair prejudice and confusion of the issues.

Even relevant evidence may be excluded when "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Tex. R. Evid. 403. "'Unfair prejudice' refers to a tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim.

2

App. 2007). "'Confusion of the issues[]' refers to a tendency to confuse or distract the jury from the main issues in the case[]" and lead to consideration of factual disputes that are only tangentially related to the issues in the case. *Id.* at 880; *Wiley v. State*, 74 S.W.3d 399, 407 n.21 (Tex. Crim. App. 2002).

According to the record, the victim was with two friends, Horace Theal and Briana Herring, at the time of the murder. Only Theal testified at trial. Glaze argues that Theal failed to disclose that the victim had used drugs before the murder; thus, Glaze maintains that Theal might have concealed other information if he failed to disclose any criminal acts by the victim, Theal, or Herring. Glaze contends that the toxicology report was necessary to allow him to challenge Theal's credibility. Even without the report, however, questions asked of a witness on cross-examination, which may have a tendency to affect the witness's credibility are considered proper. *Koehler v. State*, 679 S.W.2d 6, 9 (Tex. Crim. App. 1984). Assuming questions about drug use would have had a tendency to affect Theal's credibility, the record does not demonstrate that Glaze attempted to question Theal about any drug use on the night of the murder.[1]

---

[1]Glaze also complains that the toxicology report creates questions regarding the evidence, or lack thereof, collected by the State. However, Glaze did not present this argument at trial. *See* Tex. R. App. P. 33.1(a).

3

Moreover, the issue before the jury was whether Glaze intentionally or knowingly caused the victim's death. *See* Tex. Penal Code Ann. § 19.02(b)(1) (West 2011). Evidence that the victim ingested marihuana before the murder is, at best, tangentially related to whether Glaze murdered the victim, and such evidence carried with it the danger of the jury making a decision based on emotion or prejudice against the victim. *See Casey*, 215 S.W.3d at 879; *see also Wiley*, 74 S.W.3d at 407 n.21. Accordingly, we conclude that the trial court did not abuse its discretion by excluding the toxicology report. *See Oprean*, 201 S.W.3d at 726. We overrule Glaze's sole issue and affirm the trial court's judgment.

AFFIRMED.

STEVE McKEITHEN
Chief Justice

Submitted on November 10, 2014
Opinion Delivered November 19, 2014
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

4